## P. W. CRESS v. STATE.

No. A-3120. Opinion Filed July 11, 1918.

(173 Pac. 854.)

1. **VENUE—Affidavit for Change of Venue—Jurisdiction of Examining Magistrate—Statute.** Under section 6149, Rev. Laws 1910, a county judge sitting as an examining magistrate loses jurisdiction of a cause pending before him when a legal affidavit for a change of venue is filed. His duty in the case thereafter is purely ministerial, and he can only enter a proper order transferring the cause to another magistrate as the statute provides.

2. **PRELIMINARY EXAMINATION—Exercise of Judicial Power—County Judge.** The conduct of an examining trial by a county judge does not involve the exercise of the judicial power of the county court as a court of record. He exercises only the powers and jurisdiction that a justice of the peace would exercise when conducting a similar inquiry.

3.    **CONTEMPT—Proceedings—Judgment.** Proceedings in contempt must be based upon facts from which a clear deduction of guilt can be established. The judgment of a court imposing fine or confinement, or both, upon a person charged with contempt, must disclose the necessary facts upon which a judgment for contempt can rest; otherwise, the person penalized will be entitled to a discharge.

4.    **SAME—Punishment—Power of Courts of Record.** The power of courts of record to punish for contempt is inherent, but it must be exercised only when essential to the proper protection of the dignity of the court and to enable it to administer justice and transact its public business with decorum.

*Appeal from County Court, Noble County;*
*A. Duff Tillery, Judge.*

P. W. Cress was convicted of contempt, and appeals. Reversed and remanded, with directions to dismiss.

*Cress & St. Clair,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.    Plaintiff in error, P. W. Cress, was convicted in the county court of Noble county on the 14th day of August, 1917, of direct contempt of the county court of said county, and his punishment fixed at a fine of $50. An appeal was lodged in this court within due time and under the provisions of the statute, the purpose of which is to secure a reversal of the judgment of the county court.

The judgment of the court recites that:

"In the immediate view and presence of the court, the said P. W. Cress was guilty of direct contempt of court by reason of his disorderly, insolent behavior committed during a session of the said court and in its immediate view and presence, in ordering and instructing a certain witness, one Charles Ward, not to be sworn and to refuse to give testimony in a certain matter therein pend-

ing in said court, when ordered by the judge of the said court to so be sworn and give testimony, and in persisting in such order and instruction after being warned by the court to desist from so doing."

A motion was filed to vacate and set aside the judgment complained of. This motion is as follows:

"First. On the ground and for the reason that said finding and judgment is unfounded in fact.

"Second. On the ground and for the reason that the said P. W. Cress appeared before the said A. Duff Tillery, county judge of said Noble county, on the 14th day of August, 1917, as attorney for one Charles Ward, who was charged by the State of Oklahoma in a complaint with assault with intent to kill, a copy of which complaint is attached hereto, marked 'Exhibit 1,' the same being a felony under the laws of the State of Oklahoma, That at said time the said P. W. Cress as a member of the firm of Cress & St. Clair appeared for said Charles Ward and presented to the court a demurrer which was filed in said court. A copy of which is hereto attached and made a part hereof, the same as if herein in full set out marked 'Exhibit A,' and that said court after hearing the argument upon said demurrer of the said P. W. Cress, as attorney for said defendant, and the argument of H. A. Smith, as attorney for Noble county, Okla., against said demurrer, overruled the same and duly allowed an exception thereto to the said defendant at said time. That, thereupon, the said P. W. Cress presented to said court or judge, as a magistrate before whom said preliminary hearing was pending, the affidavit of said Charles Ward for a change of venue from said magistrate or judge, which had been filed, a copy of which is hereto attached and made a part hereof, marked 'Exhibit B.' That the said A. Duff Tillery, county judge, requested the said P. W. Cress to read said affidavit to him, and the said P. W. Cress thereupon read said affidavit to said judge. Thereupon the said A. Duff Tillery, county judge,

ordered the said Charles Ward, the defendant charged with a felony in said criminal case, in violation of the constitutional rights of the said defendant, to stand up and be sworn as a witness in said cause. That the said P. W. Cress objected to the court's ordering his client, the said defendant, to be sworn in said. cause and stated to the court, in substance, that the court was without authority to compel the defendant to testify in a case in which he was charged with a felony. That the said court interrupted said statement of said P. W. Cress as counsel for said defendant, and ordered the sheriff to take charge of said P. W. Cress and not permit him to interfere with the proceedings of this court. That thereupon the said P. W. Cress, in obedience to the direction of said court, sat down, but instructed and advised the defendant, Charles Ward, not to be sworn as a witness in said court. That thereupon the said Charles Ward refused to be sworn in said cause, and stood mute when the court ordered, directed, and commanded him to be sworn therein. That thereupon the said court ordered and directed the sheriff to take the said Charles Ward and lock him in a cell in the common jail of Noble county, Okla., and keep him there confined and feed him only bread and water until said Ward consented to be sworn. That thereupon the said judge of said court demanded of said P. W. Cress what he had to say why he should not be fined for contempt of court in directing said Charles Ward not to be sworn in the presence of the court. That the said P. W. Cress requested the court that he be granted a hearing, and requested repeatedly that the court permit a stenographer to take said proceedings, and stated to the court, in substance, that under the Constitution of the United States and that of the State of Oklahoma, a defendant charged with a felony could not be compelled to be sworn and testify in a case in which he had not voluntarily offered himself as a witness. That thereupon the said H A. Smith stated in substance that the filing of said affidavit for a change of venue was a voluntary submission by the defendant of himself for examination. That thereupon the

said P. W. Cress stated that he would like to present the law sustaining his proposition, to which the court replied that he did not care to hear from him further, ordered him to be seated, and thereupon pronounced judgment, fining the said P. W. Cress the sum of $50 for contempt of court, and directing that he would not be permitted to practice in said county court until he had paid said fine, and that he did not care whether he ever paid it or not, besides using other violent, abusive,. and accusatory language toward the said P. W. Cress. That the said P. W. Cress from time to time demanded that said proceedings of the court be taken in shorthand by the stenographer, who was sitting at her table, in the presence of said court; but the court refused to make an order for the stenographer to take said proceedings, and she sat silently there without taking the same.

"Said movant further states that he used no disrespectful language of any kind or character toward the court, but merely sought to present his client's cause faithfully and honestly as his counsel and advocate, and that said action of the court was abusive, unreasonable, unfair, unjust, and without foundation in fact."

It appears further that the plaintiff in error stated to the court that under the Constitution a person charged with a felony could not be made to testify if he did not voluntarily offer himself as a witness, and that he was only trying to protect his constitutional rights, and that the filing of the application for change of venue deprived the court of further power to proceed in the action. H. A. Smith, attorney for the opposition, stated that the filing of the application for change of venue was a voluntary submission by the defendant of himself for examination. The plaintiff in error asked for an opportunity to present the law on the proposition, and the court stated that he did not care to hear further from him. The judgment was thereupon pronounced.

Numerous affidavits in support of these proceedings are included in the record, which is certified to by the clerk of the court and made up without the approval of the county court, which refused to have anything to do with it. No controverting affidavits were included in the record, and no statement of the court under his official oath made and included therein. The record as made and filed, therefore, discloses nothing further.

It is the contention of counsel for plaintiff in error that the entire proceedings upon the part of the county court after the filing of the application for change of venue were void; that the filing of the application for change of venue relieved said court of further jurisdiction in the premises, and that he had power then and thereafter only to make an order transferring the cause to some other convenient magistrate, as provided by statute, in order that a proper and legal examining trial might be held. It is a well-settled principle that, when an accused is entitled to a change of venue from a magistrate court, he is required only to file the statutory affidavit, and, if the magistrate takes any action in the cause after the affidavit for change of venue is filed, such proceedings are void.

The statute upon which the doctrine is based is section 6149, Rev. Laws 1910. The Supreme Court of this state, in an opinion by Mr. Justice Hardy in *Marshall, County Judge, v. Sitton,* not yet officially reported, 172 Pac. 964, discussed thoroughly the principle involved, and the discussion expresses the views of this court. In that opinion it is said:

"The conduct of such examination (meaning the examining trial) is not the exercise of any part of the judicial power of the county court as a court of record, but

the county judge in the conduct thereof exercises only the powers and jurisdiction that a justice of the peace would exercise when acting as a magistrate in preliminary examinations"—citing authorities.

"When application is made by a person charged with a crime for a change of venue in compliance with section 6294, Rev. Laws 1910, before preliminary examination is held, the magistrate is vested with no discretion as to whether such change shall be granted, nor is he authorized to determine the truth of the allegations. The duty to be performed by him is purely ministerial, and the right to the change is absolute."

Again the court says:

"It seems clear from these provisions of these statutes·that the right to ·the change is absolute, and does not depend upon the discretion of the magistrate to whom the application is made, but becomes complete when the affidavit required by said section has been filed by the defendant or some one in his behalf."

In the case of *State v. Sorensen*, 84 Wis. 27, 53 N. W. 1124, the principle is laid down that the filing of the proper affidavit of prejudice with the magistrate before whom a cause is pending deprives such magistrate of authority to act further, save only the power to transfer the case "to the nearest justice or magistrate qualified by law to conduct the examination, who shall proceed with the examination, etc." The right of a person charged with violation of a penal statute to a fair and impartial hearing before an unbiased magistrate is an important and substantial right, of which he cannot be deprived except by his own act.

In *State v. Weltner*, 7 N. D. 522, 75 N. W. 779, it is said:

"Upon the filing of a proper affidavit, it was the duty of the justice to transfer the action to another justice of

the peace. The statute is mandatory in its terms, and leaves no discretion with the justice. * * * It is perfectly clear that after an affidavit is filed, which under the statute is sufficient in substance, the magistrate has no power or authority to proceed with the preliminary examination of the defendant, and can lawfully do nothing further in the action except to transfer the same, and the papers therein, to another justice."

These principles of law are inherently just and are applicable to conditions in this jurisdiction. The statutes are identical in purpose and practically so in wording. The filing of proper affidavit for change of venue before a magistrate, therefore, deprives him of further power or authority under the law over the subject-matter, and he can only transfer the cause to another justice of the peace or magistrate in the manner provided by the statute. The magistrate having lost jurisdiction in this cause, upon the filing of the application for a change of venue, to hear the same further, it became his duty to transfer it without attempting to examine the defendant for any purpose. The attempt upon his part to do so was wholly without authority of law and his acts void.

The judgment of the court fails to disclose sufficient facts upon which to base a contempt proceeding, and for that reason alone could not stand. The power to punish for contempt, while inherent in courts of record, is to be exercised only when absolutely essential to the proper protection of the dignity of the court and to enable it to administer justice and transact its business with decorum.

In the doctrine laid down by the Supreme Court in the case of *Marshall, County Judge, v. Sitton, supra,* with which doctrine we thoroughly agree, the conduct of an examining trial by a county judge does not involve the exercise of any judicial power of the county court as a

court of record, but the county judge acts only as a magistrate with the power of a justice of the peace. It therefore follows that the dignity of the county court was not offended in this matter in any event.

In *Ex parte Shortridge,* 5 Cal. App. 371, 90 Pac. 478, the principle involved was considered by the Supreme Court of California. Among other things, in the discussion it is said.

"* * * No intendments or presumptions may be indulged in against the prisoner, but the order must be strictly construed in favor of his liberty; and hence an an attorney is entitled to discharge, where the order of commitment merely discloses that, while a witness was being examined, he persisted in addressing the court, though admonished not to do so, it not appearing he was not rightfully and respectfully discharging his duty to the court and his client."

The case under consideration is identical in principle. The record fails to show any unlawful act upon the part of the plaintiff in error. In fact, it rather appears that he was attempting to protect the legal rights of his client, as it was his duty to do. The court evidently misunderstood the rights of counsel and the law applicable.

Pursuing the discussion further, the court in the Shortridge Case, *supra,* said:

"* * * The facts set forth in the commitment must be sufficient to show contempt within the meaning of the law without the aid of intendments and presumptions. 'The power of the court to punish for an alleged contempt of its authority, though undoubted, is in its nature arbitrary, and its exercise is not to be upheld except under the circumstances and in the manner prescribed by law.' It is essential to the validity of the proceedings in contempt, subjecting a party to fine and im-

prisonment, that they show a case in point of jurisdiction within the provisions of the law by which such proceedings are authorized, for mere presumptions and intendments are not to be indulged in their support."

The same court, in *Overend v. Superior Court,* 131 Cal. 280, 63 Pac. 372, said:

"In the case of a contempt committed in the presence of the court, the section says that the order adjudicating the contempt must contain a recital of the facts. This provision can only mean that the order must contain a recital of those facts which make out a case of contempt; that is, a recital of those facts which, in a case of constructive contempt, the law says must be incorporated in an affidavit."

See, also, *Batchelder v. Moore,* 42 Cal. 415; *People v. Turner,* 1 Cal. 155; *People v. Rowe,* 7 Cal. 183; *Ex parte Zeehandelaar,* 71 Cal. 238, 12 Pac. 259.

In the Zeehandelaar Case the prisoner was discharged because the return did not show that a question that he had refused to answer as a witness was pertinent to the matter in issue before the court.

The judgment of the court in the case under consideration does not set forth any facts disclosing illegal conduct upon the part of the plaintiff in error. It contains only conclusions. It appears, therefore, upon a thorough consideration of the question and the authorities, that the judgment appealed from, in addition to being void for lack of jurisdiction, is insufficient for the reason that the facts disclosed by the record and recited in the judgment do not disclose a legal basis for a judgment of contempt. *Schwartz v. Superior Court,* 111 Cal. 106, 43 Pac. 580.

For the reasons indicated, the judgment is reversed, and the cause remanded, with directions to dismiss.

MATSON, J., concurs; DOYLE, P. J., not participating.