## CHAS. H. GARNETT v. STATE.

No. A-3406.   Opinion Filed December 28, 1918.

(176 Pac. 769.)

**PRELIMINARY EXAMINATION—County Judge—Jurisdiction—Change of Venue.** A county court or judge exercising jurisdiction as an examining magistrate loses jurisdiction of a cause when the defendant, or some one for him, files an affidavit that he has reason to believe and does believe that he cannot have a fair and impartial examination before said county judge. His duty in the cause thereafter is purely ministerial, and he can only enter a proper order transferring the cause to another magistrate as the statute provides.

*Appeal from District Court, Payne County;*
*John P. Hickman, Judge.*

Charles H. Garnett was convicted of obtaining money by false pretenses, and he appeals. Reversed, and cause remanded, with directions.

*Lydick & Lydick, Robert A. Lowry,* and *Chas. H. Garnett,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Charles H. Garnett, and W. F. Bland, G. C. Wisdom, J. Greely Jones, J. Dawson Mathews, and H. R. Evans were by information jointly charged with obtaining money by false pretenses from the Oklahoma State Bank of Cushing, Okla. A severance was demanded and granted, and upon his separate trial the plaintiff in error was convicted, and his punishment fixed at a fine of $500. To reverse the judgment rendered on the verdict he appeals.

In seasonable time plaintiff in error moved to set aside the information on the ground that he had no preliminary examination and did not waive the same, in that, in due time, as provided by law, this plaintiff in error filed in the county court and before the judge of said court his application for a change of venue, on the ground of the bias and prejudice of the county judge and his affidavit averring that he had reasons to believe and did believe that he could not have a fair and impartial examination before said county judge, and setting forth a correct and certified copy of said application and affidavit, and the order of said judge as the committing magistrate denying the same; that by reason thereof said county judge was deprived of any and all jurisdiction in said proceeding

against this defendant, except to grant such change of venue and to transfer said cause to some other magistrate as by law provided.

The action of the trial court in overruling the motion to set aside the information is the first error assigned, and the Attorney General confesses that this assignment of error is well founded, as follows:

"Under section 17, art. 2, of our Constitution, he was entitled to be prosecuted for the felony charge against him, either under an indictment or by information after preliminary had before an examining magistrate. There was no grand jury sitting. He was carried before the county judge as an examining magistrate. Before anything was done there he filed an affidavit for a change of judge under section 6149, Revised Laws. This particular section is one that is contained in the Harris & Day Revised Laws; and before that we had had in this state a similar act passed in 1908.

"All along in our judicial trials, wherever a man has been accused of a crime, he has always been ready to swear the judge off the bench if it would assist him in any way. So such men have unhesitatingly made affidavit as to the prejudice of judges, and there was no means in the world of catching and convicting them where they had committed a perjury. The abuse of these statutes has been marked and wonderful. This court has noticed this abuse more than one time. See Lewis v. Russell, 4 Okla. C. 131 [111 Pac. 818]. But the fact that men take advantage of this means of blocking the game by no means argues that judges should not sometimes be disqualified. After this affidavit was filed we think that the county judge, sitting as a committal magistrate, lost jurisdiction. Section 5816, Revised Laws; Rea v. State, 3 Okla. Cr. 276 [105 Pac. 384, 139 Am. St. Rep. 954]; Ex parte Ellis, 3 Okla. Cr. 228 [105 Pac. 184, 25 L. R. A. (N. S.) 653, Ann. Cas. 1912A, 863]; Cress v. State, 14 Okla. Cr. 521, 173 Pac. 854. See, also, on this subject, State v. Brown, 8 Okla. Cr. 40 [126 Pac.

245, Ann. Cas. 1914C, 394]; *Simmons v. State,* 4 Okla. Cr. 490 [114 Pac. 752; *Ex parte Hudson,* 3 Okla. Cr. 393 [106 Pac. 540, 107 Pac. 735]; *Titsworth v. State,* 2 Okla. Cr. 271 [101 Pac. 288]; *Clary v. State,* 6 Okla. Cr. 596 [115 Pac. 1126]; *Johnson v. Wells,* 5 Okla. Cr. 599 [115 Pac. 375]; *Kelly v. Ferguson,* 5 Okla. Cr. 316 [114 Pac. 631], etc. After a judge has lost jurisdiction, any trial by him is a nullity and is void.

"In the instant case the record shows that the trial judge positively refused to disqualify, and went on and tried this case. This amounted to having no preliminary under section 17, art. 2, of our Constitution.

"Knowing the effort of the officers of Payne county to carry out the law, we regret to have to make this confession. By reading the entire record in this case it will be seen that somebody was guilty of something. Of all men in the world lawyers should be the most prudent and honest.

"But, under any circumstances, where the Constitution is violated, and that constitutional provision being of the most vital and fundamental character, we say that a verdict obtained after such a violation should be set aside. It would not be under our harmless error statute itself (Rev. Laws, sec. 6005), so we make this confession."

An examination of the record discloses that the confession of error should be sustained.

Bill of Rights, sec. 6, declares:

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

Section 17, art. 7, of the Constitution provides:

"County courts shall also have and exercise the jurisdiction of examining and committing magistrates in all criminal cases."

And section 17 of article 2 provides:

"No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."

Section 6149, Rev. Laws 1910, provides that a defendant brought before a magistrate for a preliminary examination on a complaint charging a felony may at any time before any subpœnaes are issued have a change of venue "when he or some one for him files an affidavit that he has reason to believe and does believe that he cannot have a fair and impartial examination * * * before the justice or county judge, whereupon the county attorney, or some one for him, may file an affidavit alleging the same disqualification against any one justice to whom it is proposed to send the cause for further proceedings, and thereupon the cause shall be sent to the next nearest justice," and also provides that "the parties may agree upon a justice, whereupon the cause shall be sent to that justice." Said section further provides that "no witnesses shall be subpænaed for either party until after the defendant has been brought before the justice, and been offered an opportunity to change the venue"

Section 5668 provides:

"That at any time before the examination is begun, a change of venue may be had, for the same causes and in the same manner, and be transmitted to another justice, as in cases finally triable before a justice of the peace."

The framers of our Constitution guarded with special care our judiciary and tried to place it above suspicion of unfairness, passion, or prejudice, so that public confidence in our courts would not be shaken, and provided that right and justice should be administered without prejudice. Un-

der the constitutional provisions and the statutes quoted, the filing of a proper affidavit for a change of venue before an examining magistrate deprives him of further power or authority in the cause, and he can only transfer the cause to another justice of the peace or county judge, and such magistrate is vested with no discretion as to whether such change shall be granted, nor is he authorized to determine the truth of the averments of the affidavit for a change of venue. The statute provides the manner of procedure by which a change of venue may be had. The duty to be performed by him is ministerial, and the duty is absolute. See *Cross v. State,* 14 Okla. Cr. 521, 173 Pac. 854.

For the reasons stated, the county court or county judge exercising the jurisdiction of an examining magistrate was without authority to hold the preliminary examination and to order the defendant to be held for trial before the district court. It follows that the trial court erred in overruling the motion to quash and set aside the information filed in this case.

The judgment appealed from is therefore reversed, and the cause remanded, with direction to proceed in accordance with law.

ARMSTRONG and MATSON, JJ., concur.