Ex parte F. M. VAN FLEET.

No. A-2565. Opinion Filed Oct. 14, 1919.

(183 Pac. 986.)

Petition by F. M. Van Fleet for writ of habeas corpus. Petitioner ordered discharged from custody.

A. C. Towne, for petitioner.

The Attorney General, for respondent.

PER CURIAM. In this proceeding the petitioner, F. M. Van Fleet, presented to this court a verified petition, averring that he is unlawfully imprisoned in the county jail of Ottawa county by the sheriff of said county. It is further averred: That on October 12, 1915, one H. L. Herbert filed a complaint before J. L. Speer, a justice of the peace, charging that affiant was about to commit a breach of the peace. That petitioner was arrested and brought before said justice of the peace,

and filed an affidavit for change of venue, which was denied. Thereupon the petitioner demanded a trial by jury, which was refused. That over the objection of petitioner the case was tried, and said justice of the peace made an order requiring petitioner to give bond in the sum of $300 to keep the peace and to appear at the next term of the district court of Ottawa county, and in default of such bond he stand committed to the county jail. That petitioner is unable to give bond, and is now being illegally and unlawfully held under said commitment by said sheriff. Copies of the complaint and affidavit for change of venue, the judgment, and order of commitment are attached to said petition. That he made application for writ of habeas corpus to the district court of said county, and the same was denied.

An order to show cause was entered and issued, and upon the return day, the parties appearing by counsel, the case was argued and submitted. Thereupon it was ordered by the court that petitioner be discharged; the court holding that upon the filing of a proper affidavit for a change of venue, as was done in this case, it was the duty of said justice to transfer the case to another justice of the peace; that under section 6149, Rev. Laws, in a criminal proceeding, when the defendant files an affidavit that he has reason to believe and does believe that he cannot have a fair and impartial trial before the justice of the peace, his duty in the case thereafter is purely ministerial, and he can only enter a proper order transferring the cause to another justice of the peace as the statute provides, and for this reason the court was without jurisdiction to render the judgment or issue the order of commitment thereon.