## In re JASPER MORGAN.

No. A-5173.    Opinion Filed May 29, 1924.
(226 Pac. 117.)

### (Syllabus.)

**Venue—Law Providing Change of Venue in Misdemeanor Cases Before Justice of Peace Mandatory.** Where a person charged with the commission of a misdemeanor, before a justice of the peace, when brought before such justice files an affidavit for a change of venue under and in accordance with the provisions of section 2966, Comp. Stat. 1921, the duty of such justice to grant the change is mandatory, and such justice can only enter a proper order transferring the cause to another justice of the peace as the statute provides.

Habeas corpus by Jasper Morgan for release from custody. Writ allowed, and petitioner discharged.

John B. Ogdon, for petitioner.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for respondent.

DOYLE, J.  This is an application by Jasper Morgan to this court for a writ of habeas corpus, directed to the sheriff of Carter county, in whose custody the petitioner is held under a sentence pronounced against him by Ben F. Coe, a justice of the peace at Wilson, in said county, wherein he was sentenced to be confined in the county jail for 30 days, and to pay a fine of $10 and $47 costs.  Attached to and made a part of the petition are copies of the complaint, affidavit for change of venue, and commitment against him.

It is averred in the petition that his detention "is illegal, in this, that on the 1st day of May, 1924, the day the complaint was filed and date of the arrest of petitioner on said charge, he filed in the justice court, before the said Ben F. Coe, his certain motion, supported by affidavit as required by law asking the court to grant a change of venue; that said affidavit was filed before any witnesses had been subpoenaed; that the said justice of the peace failed to act or overrule said motion, and on May 7th proceeded with the trial of said cause; that said court was without jurisdiction to render any judgment of any kind or to issue said commitment or to do any act or proceedings other than to transfer said cause as set out by law, for which reason said judgment is null and void for want of jurisdiction.  It is further averred that on the 13th day of May, Hon. W. F. Freeman, judge of the district court of Carter county, after hearing said petition, denied the same and refused to discharge petitioner.  On the filing of the same in this court an order to show cause was entered and issued, and upon the return day, the parties appearing by counsel, the cause was argued and submitted.  Thereupon it was ordered by the court that petitioner be discharged; the court holding that upon the filing of a proper affidavit for a change of venue, as was done in this case, it was the duty

of said justice to transfer the cause to another justice of the peace.

Section 2966, Comp. Stats. 1921, provides:

"In criminal proceedings a change of place of trial may be had in a cause triable before a justice under the provisions of this article, or upon which a preliminary examination may be held, at any time after the defendant appears, and before any subpoenas are issued, when he or some one for him files an affidavit that he has reasons to believe and does believe that he cannot have a fair and impartial examination or trial, as the case may be, before the justice or county judge, whereupon the county attorney, or some one for him, may file an affidavit alleging the same disqualification against any one justice to whom it is proposed to send the cause for further proceedings, and thereupon the cause shall be sent to the next nearest justice, who is in no way related to the defendant or prosecuting witness or party injured who is not a witness and has not been an attorney in the cause, and who may not be absent or physically be unable to act. The parties may agree upon a justice, whereupon the cause shall be sent to that justice. But one such change shall be allowed. No witnesses shall be subpoenaed for either party until after the defendant has been brought before the justice, and been offered an opportunity to change the venue or has changed it, if he elects to change, and the date for the hearing has been fixed."

By numerous decisions of this court it has been held that in a criminal proceeding when the defendant files an affidavit that he has reason to believe, and does believe, that he cannot have a fair and impartial trial before the justice of the peace, his duty in the case thereafter is purely ministerial, and such justice can only enter a proper order transferring the cause to another justice of the peace as the statute provides: Ex parte Van Fleet, 16 Okla. Cr. 713, 183 Pac. 986; Garnett v. State, 15 Okla. Cr. 332, 176 Pac. 769; Cress v. State,

14 Okla. Cr. 521, 173 Pac. 854. And see Marshall v. Sitton, 68 Okla. 175, 172 Pac. 964. In Cress v. State, supra, it is said:

"It is a well-settled principle that, when an accused is entitled to a change of venue from a magistrate court, he is required only to file the statutory affidavit, and, if the magistrate takes any action in the cause after the affidavit for change of venue is filed, such proceedings are void."

It follows that the proceedings had upon the trial and conviction of petitioner were illegal and void, and the justice of the peace was without jurisdiction to render the judgment or issue the order of commitment thereon. Accordingly, petitioner is entitled to a discharge from the imprisonment of which he complains. He is therefore by the judgment of this court discharged therefrom.

BESSEY, J., concurs.

MATSON, P. J., absent, and not participating.