## SCOFIELD v. ASBERRY.

No. 16640—Opinion Filed May 11, 1926.

1. **Venue—Misdemeanors—Right to Change of Venue from County Court to Justice Court.**

A defendant, who is informed against in the county court for the commission of a misdemeanor, of which a justice court has concurrent jurisdiction, is not entitled to a change of venue from the county court to the nearest justice court, on an affidavit charging that he cannot have a fair trial in the county court, on account of bias and prejudice of the county judge.

2. **Same—Mandamus—Writ Requiring County Judge to Grant Change of Venue Improper.**

Record examined; held, to be insufficient to support judgment against plaintiff in error.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Adair County; J. T. Parks, Judge.

Application for writ of mandamus by Clyde Asberry against Hon. W. A. Scofield, as County Judge of Adair County, to compel the latter to grant a change of venue to a justice court. Judgment for petitioner, and respondent appeals. Reversed.

W. A. Corley, Co. Atty., for plaintiff in error.

Williams & Martin, for defendant in error.

Opinion by STEPHENSON, C. The county attorney of Adair county filed an information in the county court charging Clyde Asberry with the crime of carrying a concealed weapon. The defendant filed an affidavit in the cause, in which he charged that he could not have a fair trial on account of the bias and prejudice of the county judge. The defendant, for that reason, asked that the cause be transferred from the county court to the nearest justice court for trial. The county court denied the application for a change of venue.

The defendant made application to the district court of Adair county for a writ of mandamus, to compel Hon. W. A. Scofield, county judge of Adair county, to transfer the criminal case to the nearest justice of the peace for trial. The trial of the cause resulted in the granting of the writ. The respondent has appealed the cause here for review. The defendant in error relies on section 2966, C. O. S. 1921, for his right to a change of venue from the county court to the nearest justice of the peace.

It is said, by the defendant in error that the justice court has concurrent jurisdiction with the county court of the crime of which he stands charged in the county court. The section is found in article 1 of chapter 8, which defines criminal procedure before a justice of the peace. It does not purport to prescribe the criminal procedure for the trial of a case in the county court. The change of venue from a county judge, as referred to in section 2966, has relation to examining trials before a county judge. A county judge in the conduct of an examining trial is governed by section 2966, supra. The county judge conducts an examining trial in the capacity of an examining magistrate. A defendant in a preliminary examination held before a county judge would be entitled to a change of venue upon filing an affidavit alleging the disqualification of the county judge, on the ground of bias and prejudice. It would then be the duty of the county judge to grant a change of venue in the examining trial to the nearest justice of the peace. A county judge does not hold and conduct an examining trial as a county court. Cress v. State, 14 Okla. Cr. 521, 173 Pac. 854.

The power of a county judge in an examining trial is that of a justice of the peace, and he is governed by the procedure applicable to a justice of the peace. A district court is without supervisory control over the trial of cases in a county court, except by appeal, in the way and manner provided by the Constitution and statutes.

The cause is reversed and remanded, with directions to dismiss the application for the writ of mandamus.

By the Court: It is so ordered.

Note.—See under (1) 16 C. J. p. 217 § 328 (Anno). (2) 15 C. J. p. 1109 § 542a (Anno).