## ART NEFF v. STATE.

No. A-6343. Opinion Filed Feb. 6, 1928.
Rehearing Denied Feb. 25, 1928.
(264 Pac. 649.)

134

Morris & Tant, Orban C. Patterson, and Breck Moss, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J.   This appeal is from a judgment of conviction of the district court of Oklahoma county, rendered on the verdict of a jury finding the defendant, Art Neff, guilty of manslaughter in the first degree and fixing his punishment at imprisonment in the penitentiary for a term of twelve years.

The information in substance charges that in said county on the 27th day of November, 1925, Art Neff did then and there willfully, unlawfully and feloniously drive a Cadillac brougham car at a high and excessive rate of speed, to wit, approximately 50 miles an hour, along and over Walnut avenue at the intersection of East Park place, Oklahoma City, and while so driving said automobile did then and there willfully, unlawfully, and feloniously strike a Ford coupe in which Nadine Downey was riding, thereby inflicting certain mortal wounds upon the body of the said Nadine Downey, of which mortal wounds so inflicted she did instantly die.

The deceased, Nadine Downey, was killed while riding with Charles Peoples and Miss Lydia Greer. The collision occurred at the intersection of Walnut street and East Park place, in Oklahoma City.

It appears that the defendant was driving south on Walnut street shortly before the hour of 11 o'clock that night. In the car with the defendant were three women and a man by the name of Gordon. These parties were living at that time at 128 East Ninth street, Oklahoma City, which is about two blocks south from where the collision occurred.

The testimony on the part of the state, which was all the testimony offered in the case, is to the effect that the defendant was driving his car at a rate of speed from 45 to 60 miles an hour. The car in which Miss Downey was riding was going east on Park place, and it is undisputed that the car driven by the defendant struck and turned over the car in which Miss Downey was riding, throwing her out, and causing injuries to her head and body, which resulted in her death in a few moments after the collision.

It appears that the defendant did not stop his car to ascertain the result of the accident, but continued

south on Walnut street at a high rate of speed; neither did he stop at the house to which the parties with him were going but continued on past said house, turned west and drove to the B. & C. garage, located on North Broadway, between Seventh and 8th streets, and there procured a Ford sedan in place of the Cadillac sedan which he was driving at the time of the collision. After procuring this Ford sedan, he drove back by the place of the accident, but did not make his presence known there, nor did he inform anybody that he was driving the car which collided with the one in which Miss Downey was riding when killed. He then drove to the Missouri, Kansas & Texas depot, where he took a train to Pawhuska. there the next day he pleaded guilty in the federal court and was sentenced to serve a term of 18 months' imprisonment in the federal penitentiary at Leavenworth for a violation of the federal Prohibition Law (27 USCA). On the same day commitment issued.

The errors assigned and argued are, in substance, that the court was without jurisdiction to render said judgment in that the defendant was denied rights guaranteed by the Constitution and laws of the state.

It appears from the record that on November 28, 1925, a complaint was duly filed before W. P. Hawkins, justice of the peace, as a committing magistrate in and for Oklahoma City justice district, Oklahoma county, Okla., in which the defendant was charged with the offense set forth in the information filed in the district court in this case. On January 12, 1926, petition for writ of habeas corpus ad prosequendum was filed in this court on which the writ issued, and in response to the same the defendant, Art Neff, was surrendered by the federal authorities to the sheriff of Oklahoma county. On January 13, the defendant was brought before said justice of the peace and upon arraignment refused to

plead; he was then given 24 hours in which to plead. On January 14, the defendant was brought before said justice of the peace and again refused to plead. Thereupon the court entered a plea of not guilty for him, fixed January 19 for the hearing and issued subpoenas for the state's witnesses, returnable on said date. On January 19, the cause came on for hearing and the defendant filed affidavit for change of venue, which was overruled. The state's witnesses were sworn and testified, and the defendant was held to answer to the district court of Oklahoma county as provided by law. Subsequently, the county attorney duly filed an information in the district court of said county in which the defendant was charged with the crime of manslaughter committed as aforesaid.

Upon his arraignment the defendant pleaded not guilty. The case was set for trial on the 9th day of February following. When the case was called for trial, the defendant was given leave to withdraw his plea of not guilty, and then and there filed a motion to dismiss on the grounds that he was not given a preliminary examination as required by law, in that his motion for change of venue on the ground of the bias and prejudice of said justice of the peace was overruled; that the Oklahoma state courts have no jurisdiction of him, and especially the district court of Oklahoma county, for the reason that he is a federal prisoner. The motion to dismiss was overruled.

The defendant now urges this ruling of the court as ground for the reversal of the judgment herein.

It is contended that the defendant has not had the preliminary examination required by our Constitution and laws, and not having had such preliminary examination, he in legal effect has had none, and, not having

waived the same, the district court acquired no jurisdiction of the case.

Our Code of Criminal Procedure provides (section 2966, C. S. 1921) that a defendant brought before magistrate for a preliminary examination on a complaint charging a felony may, at any time before any subpoenas are issued, have a change of venue "when he or some one for him files an affidavit that he has reasons to believe and does believe that he cannot have a fair and impartial examination * * * before the justice or county judge, whereupon the county attorney, or some one for him, may file an affidavit alleging the same disqualification against any one justice to whom it is proposed to send the cause for further proceedings, and thereupon the cause shall be sent to the next nearest justice," and also provides, "The parties may agree upon a justice, whereupon the cause shall be sent to that justice."

Said section provides further that:

"No witness shall be subpoenaed for either party until after the defendant has been brought before the justice, and been offered an opportunity to change the venue or has changed it, if he elects to change, and the date for the hearing has been fixed."

In Garnett v. State, 15 Okla. Cr. 332, 176 P. 769, it is said:

"Under the constitutional provisions and the statutes quoted, the filing of a proper affidavit for a change of venue before an examining magistrate deprives him of further power or authority in the cause, and he can only transfer the cause to another justice of the peace or county judge, and such magistrate is vested with no discretion as to whether such change shall be granted nor is he authorized to determine the truth of the averments to the affidavit for a change of venue. The statute provides the manner of procedure by which a change of venue may be had."

And see Cress v. State, 14 Okla. Cr. 521, 173 P. 854.

It appears from the record that the affidavit filed before said justice of the peace, omitting title and verification, is as follows:

"Affidavit for Change of Venue.

"Comes now the defendant, Art Neff, and asks this court to grant him a change of venue in the above-entitled cause for the following reasons, to wit:

"That this defendant believes that he cannot have a fair and impartial trial in this county, because of the prejudice of the citizens in this county and because of the bias of the above-named justice, and because of the prejudice and bias of said justice and the citizens in this district and county, and the defendant respectfully asks that he be granted a change of venue from this district and this Oklahoma county.

"[Signed] Art Neff, Affiant."

Indorsed:

"Filed Jan. 19, 1926.

"W. P. Hawkins, Justice of the Peace."

Obviously the foregoing affidavit does not comply with the requirements of the statute and is not a proper affidavit. The justice of the peace had no jurisdiction to grant a change of venue from the county or from the justice district, and on the averments of the affidavit he could not grant a change of venue to some other justice in the district or the county, as the defendant swears that he "believes that he cannot have a fair and impartial trial in this county."

It is a well-settled rule of statutory construction that the requirements of a statute which are mandatory must be strictly construed. This court has uniformly held that this statute is mandatory, and that there must be filed a proper or legal affidavit for the change.

Had this affidavit complied with the requirement of

the statute, as to setting out grounds of the disqualification it was not seasonably made as provided by section 2966, above quoted, because it was not filed before any subpoenas had been issued, and it was filed "after the defendant" had appeared, and after he had "been offered an opportunity to change the venue."

A defendant in a felony case may waive his right to a preliminary examination, and, if the entire proceeding may be waived, it would seem that any part thereof may likewise be waived, and such a waiver may be deemed to have taken place, unless the defendant at the proper time and in a proper manner indicates that he does not waive anything.

In this case the defendant was accorded an opportunity to change the venue to some other justice, but he filed an affidavit for a change of venue from the district and county; by so doing he waived the right to a change of venue to some other justice of the county.

An examination of the record discloses that the question argued was not properly raised or presented by the defendant's motion to dismiss. He should have raised such a question by a motion to set aside the information as provided by the Code of Criminal Procedure, section 2596, Comp. St. 1921.

In the case of Quinton v. State, 10 Okla. Cr. 520, 139 P. 705, it was held that the showing made by the filing of an unverified motion is not sufficient to overcome the legal presumption of the regularity of the proceedings, and that the state may hold a preliminary examination, though the defendant has waived his right thereto.

In Muldrow v. State, 16 Okla. Cr. 549, 185 P. 332, it was held that a preliminary examination may be waived not only before the examining magistrate, but

at the time the defendant is required to plead to the information in the trial court, and that if he pleads the general issue of not guilty, as was done here, he will be held to have waived such examination.

It follows from what has been said that there is no merit in the contentions made, and the motion to dismiss was properly overruled.

When the motion to dismiss the case was over-ruled, the defendant made application for a change of venue on the ground that the minds of the inhabitants of Oklahoma county are so prejudiced against him that a fair and impartial trial cannot be had therein, "that the newspapers of Oklahoma City, the News, the Times and the Daily Oklahoman, have given the accusation against this defendant great publicity by carrying articles in the said newspapers which have a large circulation in Oklahoma county, and that by biased statements in said newspapers, and that by the bias and prejudice thereby engendered, and the general ill feeling against the defendant, he cannot have a fair and impartial trial in Oklahoma county." And attached to the same are the articles as published in said newspapers.

The application was supported by the affidavits of the defendant and three residents of Oklahoma county. The state resisting the application called numerous witnesses.

Their testimony tended to show that there was no such state of feeling generally prevailing throughout the county as would prevent the defendant from having a fair and impartial trial therein, or would even make it difficult to obtain an impartial jury for the trial.

It must be taken as settled in this state that the granting of a change of venue is, under the statute, a

matter resting within the sound discretion of the trial court, and unless it clearly appears that there is an abuse of such discretion, this court will not reverse the judgment for the failure of the trial court to grant a change of venue.

In the case of Gentry v. State, 11 Okla. Cr. 355, 146 P. 719, it is held:

"It is not an abuse of discretion to deny a petition for change of venue in a capital case, which was based on the alleged prejudice in the minds of the people of the county, caused by the publication in certain newspapers of prejudicial accounts of the murder, such newspapers having a large circulation in the county, where the prima facie case made by the affidavits filed by the defendant is fully answered and clearly overcome by the counter affidavits filed by the state."

See, also, Turner v. State, 4 Okla. Cr. 164, 111 P. 988; Starr v. State, 5 Okla. Cr. 440, 115 P. 356; and Tegeler v. State, 9 Okla. Cr. 138, 130 P. 1164.

Upon the record before us, we are of the opinion the application for a change of venue was properly denied.

No other reason for reversing the judgment being urged, and no substantial error appearing in the record, the judgment appealed from is affirmed.

EDWARDS and DAVENPORT, JJ., concur.