## J. B. DILBECK v. STATE.

No. A-7274.   Opinion Filed May 11, 1929.
(277 Pac. 284.)

See, also, 41 Okla. Cr. 87, 270 Pac. 858.

Jess L. Ballard and Richard L. Wheatley, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Craig county of the crime of forgery in the second degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for one year and one day. The charging part of the information is: "That the said J. B. Dilbeck in the County and State aforesaid, on the 17th day of January, 1928, did knowingly, willfully, unlawfully, wrongfully, intentionally, falsely, designedly and feloniously sell, pass, exchange and deliver for a valuable consideration, to-wit: Merchandise of the value of $3.65, good and lawful money of the United States of America, and the sum of $8.85 cash, good and lawful money of the United States of America, to the Lenox store, same being located in Vinita, Oklahoma, and owned and operated by the Sanders-Ridgway Company, a corporation, a certain forged and counterfeited bank check, a photographed copy of which is hereto attached, marked 'Exhibit A' and made a part of this information, said check being then and there, false, forged and counterfeited in this, to-wit: That the signature of the payee, W. Ferrier, endorsed on the back of said check was and is false, forged and counterfeited and not the genuine signature of the said W. Ferrier, as the said J. B. Dilbeck then and there well knew and knowing said check to be forged, false and counterfeited, did then and there willfully, unlawfully and feloniously sell, pass, transfer, exchange and deliver to the Lenox Store as aforesaid, said false, forged and counterfeited bank check as aforesaid, with the willful, wrongful, unlawful, fraudulent and felonious intent to have the same uttered and passed as aforesaid. * * *""

The evidence of the state was that Fairbanks-Morrison Company of Kansas City, Mo., issued its voucher check No. 152 payable to W. Ferrier for the sum of $12.50. The state charges that in some manner the defendant obtained possession of this check, forged the name of W. Ferrier to the same, and passed the check with the indorsements as true upon the Lenox Store at Vinita, Okla., and received in exchange therefor merchandise of the value of $3.65 and $8.85 cash; the contention of the state being that the defendant forged the name of W. Ferrier to the check and appropriated the proceeds to his own use and benefit.

The first error complained of by the defendant is that, "The trial court erred in overruling the defendant's motion to quash the information." The complaint was filed before D. M. Mars, a justice of the peace in and for Vinita, Craig county. The defendant filed an affidavit for a change of venue, which change was granted and the cause transferred to the county court of Craig county. The defendant appeared in the county court and objected to a preliminary trial being held before the county judge, because the justice of the peace was without legal authority to transfer the cause to the county court and the county court was without legal authority to conduct the preliminary hearing. The objection was overruled, the county judge held a preliminary hearing, bound the defendant over to the district court for trial, the county attorney filed the information in the district court, and the defendant there objected that he had not been given a preliminary trial as provided by law and that therefore the district court had no jurisdiction of the case.

Section 17, art. 7, Constitution of Oklahoma, provides:

"County courts shall also have and exercise the jurisdiction of examining and committing magistrates in all criminal cases."

In the case of Cress v. State, 14 Okla. Cr. 521, 173 Pac. 854, this court said:

"The conduct of an examining trial by a county judge does not involve the exercise of the judicial power of the county court as a court of record. He exercises only the powers and jurisdiction that a justice of the peace would exercise when conducting a similar inquiry."

In the case of Marshall, County Judge, v. Sitton, 68 Okla. 175, 172 Pac. 964, in the body of the opinion it is said:

"The object of a preliminary examination is to inform the defendant of the nature and character of the crime charged against him and to lay a preliminary foundation for the prosecution in a court of record, to inquire concerning the commission of the crime charged and the connection of the accused therewith, and to determine whether there is probable cause to believe him guilty so that the state may take the necessary steps to perpetuate testimony and determine the amount of bail which will probably secure the attendance of the accused to answer. State v. Pigg, 80 Kan. 481, 103 Pac. 121, 18 Ann. Cas. 521; Harris v. Rolette, 16 N. D. 204, 112 N. W. 971; Bishop's New Criminal Procedure, § 239. The conduct of such examination is not the exercise of any part of the judicial power of the county court as a court of record, but the county judge in the conduct thereof exercises only the powers and jurisdiction that a justice of the peace would exercise when acting as a magistrate in preliminary examinations. State v. Pigg, supra; United States v. Hughes (D. C.), 70 Fed. 972; State v. Nast, 209 Mo. 708, 108 S. W. 563; Bishop's New Criminal Procedure, § 237."

In the case of Garnett v. State, 15 Okla. Cr. 332, in the body of the opinion on pages 336, 337, 176 Pac. 769, 770, this court held;

"Under the constitutional provisions and the statutes quoted, the filing of a proper affidavit for a change of venue before an examining magistrate deprives him of further power or authority in the cause, and he can only transfer the cause to another justice of the peace or county judge, and such magistrate is vested with no discretion as to whether such change shall be granted, nor is he authorized to determine the truth of the averments of the affidavit for a change of venue."

In the Garnett Case this court in effect stated that the county judge was acting only as a justice of the peace when it came to an examining trial, and that a change of venue would lie to him from a justice of the peace and from him to any justice. The defendant was entitled to a preliminary examination before a magistrate having jurisdiction of the offense charged; he had that hearing as required by law. The contention of the defendant that the trial court had no jurisdiction of this case is without substantial merit, and there was no error in overruling the motion to quash and set aside the information.

The defendant next contends:

"The verdict of the jury, and the judgment and sentence rendered and pronounced thereon is not warranted by the evidence, and is contrary to the evidence and contrary to law."

This court has repeatedly held that the sufficiency and weight of the evidence was for a jury, and that where there was any competent evidence in the record to support the verdict the cause would not be reversed. There was sufficient evidence offered by the state, if believed by the jury, to justify the verdict of guilty.

Finally, defendant urges as error No. 3: "Error on the part of the trial court in failing to properly instruct the jury." While the defendant saved exceptions to the

instructions given by the court, he failed to submit in writing any instructions upon the propositions complained of. The instructions given by the court were as favorable to the defendant as the facts disclosed by the evidence would warrant.

A careful examination of the record discloses that the defendant had a fair trial, that the evidence is sufficient to support a verdict of guilty, and, no substantial errors of law appearing upon the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.