Lee Roy WYATT, Petitioner,

v.

Silas C. WOLF, County Judge, Cleveland County, Oklahoma, Respondent.

No. A–12594.

Criminal Court of Appeals of Oklahoma.

April 2, 1958.

Paul W. Updegraff, Norman, for petitioner.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., Hez J. Bussey, County Atty. of Cleveland County, Norman, Robert L. Pendarvis, Asst. County Atty., Norman, for respondent.

BRETT, Presiding Judge.

This is an original proceeding in mandamus brought by the petitioner, Lee Roy Wyatt, against Judge Silas C. Wolf, Judge of the County Court of Cleveland County, Oklahoma, sitting as a committing magistrate. It is prayed that the writ of mandamus issue to said Judge to require him to appoint counsel for the petitioner in the arraigning tribunal and to require the said Court to order the payment therefor from the court funds of said county.

It appears the petitioner was charged in said County Court by preliminary complaint with the commission of burglary in the second degree, said crime being committed on or about February 21, 1958. The petitioner, being arraigned on preliminary hearing on March 11, 1958, requested appointment of counsel at said hearing because of his poverty. That, said County Judge refused to do on the basis of an advisory Attorney General's opinion, holding he was without authority so to do and pay the attorney so appointed out of the county's court fund. The question thus presented is obvious. When counsel is requested, should the magistrate appoint counsel for him and can he order payment for his services from the court fund of the county?

■ The answer to the first question is predicated upon certain Constitutional and statutory rights. In Duncan v. State, 89 Okl.Cr. 325, 207 P.2d 324, 330, we considered these provisions, as follows:

"It is fundamental in criminal law that a defendant is entitled to aid of counsel of his own choice, when able to employ one, and if not it is the duty of the court to appoint one for him. * * * It has been held, in felony cases, that this right is not limited to the trial alone but extends to every stage of the proceeding. Polk v. State, 26 Okl.Cr. 283, 224 P. 194; Sutton v. State, 35 Okl.Cr. 263, 250 P. 930; Brown v. State, 39 Okl.Cr. 406, 266 P. 476. The foregoing conclusion is all the more apparent in light of the provisions of the Bill of Rights of the Constitution, Art. II, § 20, reading in part as follows, to wit:

" 'In all criminal prosecutions the accused * * * shall have the right to be heard by himself and counsel; * * *.'

"Moreover, under the provisions of Title 22 O.S.A.1941 § 251, reading in part as follows, to-wit:

" 'When the defendant is brought before a magistrate upon an arrest, * * * the magistrate must immediately inform him * * * of his right to the aid of counsel in every stage of the proceedings, and also of his right to waive an examination before any further proceedings are had.' "

In Thurmond v. State, 57 Okl.Cr. 388, 48 P.2d 845, it was announced:

"Under the Constitution and laws of this state the defendant is entitled to have an opportunity to consult with counsel at all stages of the proceedings, from the time he is arrested until the final disposition of the case, * * *."

See also to the same effect Benton v. State, 86 Okl.Cr. 137, 190 P.2d 168, wherein, in syllabi 2, 3, and 4, we held:

"Under our laws, every person accused of felony is entitled to aid of counsel at every stage of the proceedings whether imprisoned or admitted to bail, unless waiver thereof clearly appears, *and this right arises immediately upon the person's arrest.* (Emphasis supplied.)

"Where it appears on appeal that a defendant has been denied a right guaranteed by the Constitution, such showing requires a reversal, unless the record clearly shows that the right was

waived, or that no injury could have resulted to the accused by reason of such denial.

"Where it appears, on appeal, that the defendant has been denied the right to aid of counsel and that substantial injury resulted thereby, the same will constitute grounds for reversal."

We are not unaware that other courts hold the right to aid of counsel may properly be construed as being applicable only at the time of trial on the merits. Martin v. Edmondson, 176 Kan. 374, 270 P.2d 791; Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595. Even in Oklahoma, under the foregoing cases it has been held absence of injury may not constitute grounds for reversal. Lyons v. State, 77 Okl.Cr. 197, 138 P.2d 142, 140 P.2d 248, affirmed 322 U.S. 596, 64 S.Ct. 1208, 88 L. Ed. 1481, appearing to hold that a violation of the right to aid of counsel arises only when counsel is not appointed at the trial. But, this case is not a true example of the application of the rule governing right to aid of counsel as applied to preliminary hearings, since the facts therein show Lyons was ably represented by counsel appearing for his accomplice and for him as well and no injury resulted. We hold that the express provisions of the Constitution and the statutes and the clear implications thereof, especially 22 O.S.1951 § 251, is that the accused must be advised of his right to aid of counsel when brought before the magistrate. If he desires aid of counsel and is unable because of poverty to obtain counsel, it necessarily follows that the magistrate should appoint counsel for him. Certainly such practice is within the spirit of the law. Otherwise, the advice in such cases, as to the right, is a vain and meaningless gesture without affecting the provisions of the right. In other words, how can we assert the right in one instance and deny it in another? We are of the considered opinion that the clear intent of the foregoing provisions and interpretations thereof is that the accused is entitled to representation of counsel if he so desires;

either of his own choice, if able to provide the same, and if not by appointment of the magistrate. Equal protection of the law, where indigent defendants are involved, requires such procedure be invoked in order that the accused's substantial rights may be protected. As to this feature of the within petition for writ of mandamus, the examining magistrate is ordered to appoint counsel for the accused.

It is next contended it is within this Court's inherent power to order that such magistrate-appointed counsel is entitled to be paid out of the court fund. Counsel cite no direct statutory authority to sustain the contention, and we have found none. He relies upon the provisions of 22 O.S.Supp.1955 § 1271 reading as follows:

"In all criminal cases triable in the State of Oklahoma, where it is satisfactorily shown to the court that the defendant has no means and is unable to employ counsel, the court shall, in all such cases, where counsel is appointed and assigned for defense, allow and direct to be paid by the county in which such trial is had, out of the court fund of said county, a reasonable and just compensation to the attorney or attorneys, so assigned for such services as they may render, such compensation being allowable in any court of record. Provided, however, that such attorney shall not be paid a sum to exceed One Hundred Dollars ($100.00) in any one case, the specific amount to be left to the discretion of the presiding judge * * *."

The petitioner urges that it was the intent of the legislature that such fees be paid out of the court fund for services rendered by counsel before committing magistrates. It is clear under this statute, that the payment of fees for representation of a defendant is for trials "in any court of record." It cannot be sustained that the County Judge was sitting as a court of record when presiding as a committing magistrate.

In Dilbeck v. State, 43 Okl.Cr. 42, 277 P. 284, it was held:

"The conduct of an examining trial by a county judge does not involve the judicial power of the county court as a court of record. He exercises only the powers and jurisdictions that a justice of the peace would exercise when conducting a similar inquiry, that of a committing magistrate."

Marshall v. Sitton, 68 Okl. 175, 172 P. 964. Moreover, it has been held a preliminary examination before a magistrate on a felony charge is not a trial. Taylor v. State, 96 Okl.Cr. 1, 247 P.2d 749. To hold the provisions of 22 O.S.Supp.1955 § 1271 applicable to the payment of attorney's fees for service in preliminary hearings would require us to resort to the assumptions; first, that committing magistrates are courts of record, and second, that preliminary hearings are trials. This we are without the slightest authority to do. We are not impressed with the argument that it is within the Court's inherent powers to order the payment of these fees. We do not deny the power exists, but we are of the opinion we do not have the lawful right to do so. The right should always be precedent to exercise of power.

As to the right to the writ of mandamus on this feature of the case, we are further of the opinion that the right to payment of attorney's fees cannot be had in mandamus proceeding. This is a court of limited jurisdiction, and mandamus will only lie in aid of appellate jurisdiction. State ex rel. Eubanks v. Cole, 4 Okl.Cr. 25, 109 P. 736; Ex parte McCollum, 90 Okl.Cr. 153, 212 P.2d 161; 20 O.S.1951 §§ 40–41. We do not believe the question of the payment or non-payment of a fee for representation in the case of an indigent defendant could ever become a proper question in the merits of a criminal case on appeal. For this and the other reasons enumerated, the writ will be denied on the question of payment of attorney's fees.

The fact that the foregoing provisions of § 1271 are not applicable to preliminary hearing will in no wise militate against representation of indigent defendants. It is a time-honored concept that every lawyer is an officer of the court, and as such, subject to all lawful orders thereof. It has been our experience that the vast majority of the members of the bar so regard themselves and are always ready to perform any righteous responsibility committed to them by all the courts. In fact, most lawyers regard such service as among the highest acts of legal charity. Counsel for the petitioner stated as much in his argument to this Court. The committing magistrates' courts are not the only courts wherein payment for services of appointed counsel is non-existent. The Federal statutes provide for payment of attorney's fees in such cases but Congress has never seen fit to appropriate moneys to pay such counsel. But the lawyers, nevertheless, respond when called upon to so act because of the belief that no cause is too little to be presented, and no client too indigent to be without representation. These are among the things which make the legal profession among the greatest. Administration of justice is a thing of such great value as never to be treated lightly and certainly not to be slighted either by courts or lawyers in the preservation of the rights of an accused.

The writ is granted as to aid of counsel and denied as to ordering payment of attorney's fees from the court fund.

POWELL and NIX, JJ., concur.