## WILL REA v. STATE.

No. A-125. Opinion Filed December 7, 1909.

(105 Pac. 384.)

1. **JUDGES—Motion for Change—Time for.** Under section 6647, Snyder's Comp. Laws 1909, and section 15, Bunn's Const., a motion for a change of judge on account of the bias or prejudice of a county judge is in time if presented before the trial begins.

2. **CONSTITUTIONAL LAW—Right to Justice—Bias And Prejudice of Judge—Right to Change.** Section 15, Bunn's Const., provides that right and justice shall be administered without prejudice. Under this provision, when a motion, properly verified, is made before the trial begins for a change of judge upon the ground of the bias or prejudice of the trial judge, it is the constitutional right of the party making it that it shall be granted.

(Syllabus by the Court.)

*Appeal from Pontotoc County Court; Joel Terrell, Judge.*

Will Rea was convicted of unlawfully selling intoxicating liquor, and he appeals. Reversed and remanded.

On the 16th day of March, 1909, Will Rea, hereinafter called defendant, was convicted in the county court of Pontotoc county of the offense of selling intoxicating liquor, and sentenced to 60 days in jail and fine of $250. The case is properly before this court on appeal.

*Crawford & Bolen, B. C. King,* and *Galbraith & McKeown,* for appellant, citing: *Buchanan v. State,* 2 Okla. Cr. 126.

FURMAN, PRESIDING JUDGE. First. On the 21st day of February, 1908, the defendant filed the following motion in the county court of Pontotoc county:

"The State of Oklahoma v. Will Rea. Comes now the defendant Will Rea, in the above entitled cause, and states upon his oath that by reason of the bias and prejudice of the presiding judge, Joel Terrel, he cannot obtain a fair and impartial trial, and respectfully asks for a change of judge in this cause. W. C. Rea.

"Subscribed and sworn to before me this 21st day of February, 1908. W. H. Braley, Notary Public."

This motion was overruled by the court, to which ruling an exception was reserved. Section 6647, Snyder's Compiled Laws of Oklahoma of 1909, is as follows:

"If the defendant shall, before witnesses are subpœnaed, make affidavit that he cannot have a fair and impartial trial before the county judge by reason of the bias or prejudice of the judge or that the judge is a material witness in the cause, or is related to the party in interest, such county judge shall thereby be disqualified to try such cause, and when the county judge is disqualified to try any criminal cause pending in the county court the county attorney and defendant may agree on a special judge to preside in his stead; but if they fail so to do, the disqualified judge shall proceed to select a special judge as follows: He shall nominate an odd number of persons not less than three, having the qualifications of a county judge, if there be so many qualified to hold such office residing in the county, or in attendance upon the court, and the parties may alternately challenge such nominees until they are reduced to one, who shall be the special judge, and shall preside in the cause or other matter with authority to do any act that the regular judge, if not disqualified, might have done in such case; but if there be not so many as three qualified persons residing in the county or in attendance upon the court who may be nominated by the disqualified judge, he shall appoint a qualified person to act in his stead, and such person shall have full power to perform the duties of county judge in such cause."

The record is silent as to the ground upon which the motion for a change of judge was overruled, but we presume that it was

because the motion was filed after the witnesses in the case had been summoned. This requires a consideration of section 15 of Bunn's Constitution of Oklahoma, which is as follows:

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

Substantially the same clause is contained in the Constitution of Idaho. This provision came before the Supreme Court of that state for consideration in the case of *Day v. Day*, 12 Idaho, 556, 86 Pac. 531, and the court said:

"It is contended by counsel for appellant that under the provision of section 18, art. 1, of the Constitution of Idaho, 'the people have prohibited a court from trying a case in which he is prejudiced by or for either party.' Said section is as follows: 'Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay or prejudice.' They also cite paragraph 40 of the Magna Charta, which reads: 'To none will we sell; to none will we deny or delay right or justice.' They contend through that constitutional provision that the people have declared that justice shall be administered, not only without sale, without denial, and without delay, but also without prejudice, and contend that the legislative power to pass laws regulating the change of venue is limited by constitutional provisions respecting the subject. 4 Ency. Pl. & Pr. p. 377. It is contended that said section of the Constitution is self-acting, self-executing, and requires no legislative provision for its enforcement, and cannot be abridged or modified by any legislative or judicial act. There is no question but what said provision is self-operating, and it is regarded as settled in this country that all negative or prohibitive clauses in a Constituton are self-executing. The *Law v. People*, 87 Ill. 385; *Davis v. Burke*, 179 U. S. 399, 21 Sup. Ct. 210, 45 L. Ed. 249; Cooley, Const. Law, p. 98; *Willis v. Mabon*, 48 Minn. 140, 50 N. W. 1110, 16 L. R. A. 281, 31 Am. St. Rep. 626; *State v. Kyle*, 166 Mo. 287, 65 S. W. 767, 56 L. R. A. 115. The Legislature neither by neglect to act nor by legislation can nullify a mandatory provision of the Constitution. * * * Can it be contended, in the face of the command of said provision of our Constitution, that the

Legislature could legally declare that the bias and prejudice of a judge should be no cause for a change of venue? I think not. And if, in the face of that provision, the Legislature neglects to specify in a statute that the prejudice of the judge is a ground for a change of the place of trial, then the very object and purpose of that provision of the Constitution may be nullified and set at naught. Regardless of the statutory provision, where such a state of facts appears as in the case at bar, and a change of place of trial is demanded because of the prejudice of a judge, a change of venue, or at least of judges, should be granted to preserve from discredit the judiciary of the state."

The action of the lower court was reversed, and the cause was remanded. We regard the views expressed by the Supreme Court of Idaho as sound, and we, therefore, hold that under this statute, if a motion for a change of judge, supported by affidavit, upon the ground that the defendant cannot have a fair and impartial trial before the county judge by reason of the bias and prejudice of the judge, is made at any time before the trial begins, it comes in time, and should be granted. The limitation contained in the statute that the motion for a change of judge, on the ground of the bias or prejudice or relationship of the judge to a party in interest, must be made before the witnesses are summoned is, by itself, of doubtful validity. Would a judge who was personally interested in the result of a cause, or who was related to one of the parties to the cause, become qualified to try the cause merely because an objection to his doing so was not made before witnesses were summoned? If so, then subpœnas for the witnesses might be issued and served before the defendant had opportunity to make the objection, and thus defeat the mandate of the law. But be this as it may, under section 15, Bunn's Const. Okla., providing that justice shall be administereed without prejudice, motion for a change of judge upon this ground is in time if made before the trial begins, and the limitation requiring the motion to be made before the witnesses are summoned is in conflict with this provision of our Constitution, and therefore void.

In an able and exhaustive opinion by Judge Irwin, in the

case of *Lincoln v. Territory*, 8 Okla. 546, 58 Pac. 730, the Supreme Court of Oklahoma Territory said:

"So it seems to us that the course of procedure established by the judicial system of the states and the federal government is the law of the land for Oklahoma, and, thus tested, the plaintiff in error was denied a fair and impartial trial. And by an almost unbroken line of judicial decisions it is held that when one accused of crime complies with the provisions of the statute mandatory in its terms, as in the statute in question in the case at bar, the judge is devested of all discretion, and loses all jurisdiction, except to make the order granting the change, and all his subsequent actions are absolutely void. It follows, then, as a matter of course that the judge who would proceed with the trial after the making and filing of such an affidavit would do so without power or authority, and the trial would be a nullity. Therefore we think that, not only measured by the weight of reliable authority, but by the principles of equity, justice, and sound law —measured by the rule of reason—the refusal of a change of judge in this case by the trial court was error which substantially affected the rights of the defendant, and deprived him of the protection which the law throws around every defendant, and took from him certain constitutional rights."

In the case of *Buchanan v. State*, 2 Okla. Cr. 126, 101 Pac. 296, this court, in an opinion by Judge Baker, said:

"Upon the filing by the accused of an affidavit in proper time, stating positively that he cannot have a fair and impartial trial on account of the bias and prejudice of the presiding judge of the court where the indictment or information is pending, such judge cannot thereafter perform any official act in such case binding upon the accused, except the allowance of such change of judge."

We are therefore of the opinion that the trial judge erred in refusing to sustain the motion for a change of judge.

There are a number of other questions presented in the record; but, as they were all, so far as deemed material, passed upon in another case against the defendant (No. A—95), *ante*, p. 269, 105 Pac. 381, they will not be discussed here.

For the error of the trial court in not granting a change of judge, as well as for the other errors which are pointed out in

said cause No. A—95, the judgment against the defendant is reversed and remanded.

DOYLE and OWEN, JUDGES, concur.