### STATE v. P. H. WEATHERS.

No. A-2435.    Opinion Filed January 22, 1917.

(162 Pac. 239.)

1.   **APPEAL AND ERROR—Right of State to Appeal.** The right of the state to appeal from any order or judgment of a trial court rests upon statutory authority, which authority cannot be enlarged by construction.

2.   **SAME.** In this jurisdiction the state has no right to appeal from an order of the trial court granting a new trial to a person who has been convicted of crime.

*Appeal from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

P. H. Weathers was convicted in the district court of Oklahoma county on a charge of bribery. From an order granting a new trial, the State appeals. Dismissed.

*S. P. Freeling,* Atty. Gen., and *Smith C. Matson* and *R. McMillan,* Asst. Attys. Gen., for the State.

*W. A. Briggs* and *James S. Twyford,* for defendant in error.

ARMSTRONG, J. P. H. Weathers was tried at the March, 1915, term of the district court of Oklahoma county on a charge of bribery. A verdict of guilty was returned by the jury, which verdict was set aside by the trial court and a new trial granted. From the order granting a new trial, the state has undertaken to appeal to this court. The petition in error and case-made were filed on April 6, 1915.

On January 31, 1916, a motion to dismiss the appeal was filed on behalf of the defendant in error. The grounds of the motion are as follows:

"(1) That said appeal should be dismissed for the reason that said appeal is not perfected as required by law.

"(2) That said appeal is not one authorized to be taken by the state under the statutes, in that the only ruling of the trial court adverse to the state was an order sustaining the motion for new trial filed by the defendant in error.

"(3) That the state has not perfected an appeal from a final order or judgment of the trial court which granted a new trial to defendant in error.

"(4) The petition in error filed herein alleges no error predicated upon the order of the court granting a new trial to the defendant in error."

It appears that the trial was begun on the 2d day of March, 1915; that the state introduced its testimony, at the close of which counsel for defendant in error filed a motion with the trial court requesting said court to advise the jury to return a verdict of not guilty upon the ground that the evidence was insufficient to warrant

a conviction. The court sustained the motion, and so instructed the jury. The Attorney General requested an opportunity to argue the case to the jury, which the court allowed. The jury later retired, and returned into court with a verdict finding the defendant guilty.

A motion for new trial was filed on behalf of the defendant in error, which motion was sustained by the trial court, and a new trial granted.

The question presented for determination is whether or not the state has the right to appeal from an order of the trial court granting a new trial. Both counsel for the defendant in error and for the state, which is plaintiff in error in the instant case, have failed to render material assistance in the way of bringing authorities bearing on this question.

The statute under which an appeal may be taken in a criminal case on the part of the state is as follows:

1. Upon judgment on quashing or setting aside the information or indictment.

2. Upon order of the court arresting the judgment.

3. Upon a question reserved by the state.

(Section 5990, Rev. Laws 1910.)

The state does not contend that it has any standing in this court upon paragraphs one and two, but relies upon the general provision of paragraph 3. This provision authorizes an appeal by the state upon a question reserved by the state at the trial of a criminal case. Without doubt this paragraph contemplates an appeal only upon the final disposition of the cause. In many jurisdictions the state has no right of appeal at all, and its right to appeal, where the right is granted, is based

upon specific statutes, which statutes are not to be enlarged by construction. The right of appeal upon behalf of a person charged with crime is denied except upon final judgment. There is no right of appeal granted a defendant from an order denying a change of venue, a change of judge, or adverse ruling upon any other relief sought. The state would have no more right to appeal from an order of the trial judge granting a new trial to a person charged with crime than would a person charged with crime to appeal from an order denying him a change of venue. A person charged with crime is not even allowed to appeal from an order of the court overruling a demurrer to an indictment or a motion to set aside the same. The state is allowed to appeal in this class of cases when the court sustains a demurrer to the indictment or a motion to set the same aside, but this is contemplated in cases only wherein the trial court has entered final order disposing of the matter under consideration.

Section 5896, Rev. Laws 1910, provides:

"If, at any time after the evidence on either side is closed, the court deem it insufficient to warrant a conviction, it may advise the jury to acquit the defendant. But the jury are not bound by the advice, nor can the court, for any cause, prevent the jury from giving a verdict."

This is an important power vested in the courts of record in this state, and is a power which, in duty bound, every honest judge will exercise with caution, but will not decline to exercise with the sole purpose of shirking responsibility. It is as much the duty of a trial judge to advise the jury to return a verdict of not guilty when, in his judgment, the evidence is insufficient to support

a conviction, as it is to refrain from so doing when, in his judgment, a verdict of guilty would be warranted.

The briefs filed on behalf of the state fail to point out the law under which this appeal is entitled to be reviewed. Other incidental questions are discussed, but the briefs, among other things, contain the following:

"* * * The defendant below filed his motion to set aside said verdict. * * *

"This motion was sustained by the court, and from said action in sustaining the said motion, the state has appealed. * * *"

It therefore is evident that the appeal is attempted from the motion granting a new trial.

The question here raised was determined by this court in the case of *State of Oklahoma v. Walter Curley, ante,* p. 25, 161 Pac. 831, decided at the present term. Among other things, in the opinion it is said:

"The state is not allowed to appeal from an order of the trial court granting the defendant in a criminal action a new trial. The granting of a new trial in such cases is largely a matter of sound judicial discretion, and usually involves questions of both law and fact; and when such discretion has been exercised in favor of the defendant it is very much like the verdict of a jury in his favor, and the state should have no right to appeal from it, unless such right is unquestionably given by the statute."

We can see no good reason why the excerpt from the Curley opinion should be enlarged upon.

It follows that the state has no right to appeal from an order of a trial court granting a new trial.

The motion to dismiss is sustained, and the appeal dismissed.

DOYLE, P. J., and BRETT, J., concur.