## CHARLES MURRAY v. STATE.

No. A-6622.   Opinion Filed June 15, 1929.
(278 Pac. 407.)

Wm. T. Powell, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of the crime of perjury and was sentenced to imprisonment in the state penitentiary for a period of five years.   Motion for new trial was filed, considered, overruled, and the defendant has

appealed to this court. The defendant filed his motion to quash the information on the ground "that said defendant did not have a preliminary examination before the filing of this information as required by the laws of the state of Oklahoma," which motion to quash was overruled, and defendant duly excepted; and the defendant then demurred to the information, which demurrer was by the court overruled and defendant excepted. A jury was impaneled, and, when the state called its first witness, the defendant objected to the introduction of the testimony, which motion is as follows: "Comes now the defendant and objects to the introduction of any testimony in the case for the reason that the defendant Charles Murray has not had a preliminary hearing in this cause, and for the further reason that the court has no jurisdiction to hear and determine this cause, and moves the court that the said defendant be dismissed. And we wish to introduce these three instruments and ask that they be marked defendant's Exhibits 1, 2 and 3."

The county attorney objected to the introduction of Exhibits 1, 2 and 3, and the court sustained the objection. It was admitted by the county attorney that the exhibits offered by the defendant were the original affidavit and transcript, and the amended affidavit filed in the preliminary held before Hon. Lon Morris, county judge.

It is urged by the defendant that his motion to quash the information on the ground that he had not had a preliminary examination before the filing of the information, as required by the laws of the state of Oklahoma, should be sustained. Upon an examination of the record we find that the defendant was brought before the county judge on June 10, 1926, and his examination set for hearing on June 14, 1926; that on June 11, 1926, the county at-

torney caused to be issued a subpoena for the state witnesses to appear June 14, 1926; we further find that on June 14, 1926, the defendant appeared in court and stated his attorney was out of town attending a convention and could not be present. The court gave the defendant time to consult another attorney, and at 11:45 on said date defendant appeared with his attorney who filed an affidavit for change of venue, which was resisted by the county attorney; that the defendant filed an amended affidavit for change of venue, which affidavit complied with the provisions of the statute by stating: "That he verily believes that he cannot have a fair and impartial hearing and examination before said judge above named, sitting as a magistrate, on account of the bias and prejudice against this defendant."

In addition the defendant stated Judge Lon Morris is a material witness in said cause and thoroughly familiar with the facts which appear from the complaint in said cause. The defendant's affidavit and amended affidavit for change of venue were overruled, and the court proceeded to hold the preliminary over the objections of the defendant.

Section 2485, C. O. S. 1921, is as follows:

"He must also allow the defendant a reasonable time to send for counsel, and adjourn the examination for that purpose; and must, upon the request of the defendant, require a peace officer to take a message to such counsel in the county or city as the defendant may name. The officer must, without delay, perform that duty, and shall receive fees therefor as upon the service of subpoena: Provided, however, that at any time before the examination is begun, a change of venue may be had, for the same causes and. in the same manner, and be transmitted to another justice, as in cases finally triable before a justice of the peace."

Section 962, C. O. S. 1921, provides as follows:

"If on the return of process, or at any time before the trial shall have been commenced, either party shall file with the justice of the peace before whom any cause is instituted or is pending for trial, an affidavit, stating: First, that such justice is a material witness for either party; or, second, that he verily believes that he cannot have a fair and impartial trial before such justice, on account of the bias or prejudice of the said justice against the affiant; or third, if a jury be demanded by the adverse party, then, that he cannot, as he verily believes, have a fair and impartial trial in such district, on account of the bias or prejudice of the citizens thereof, the trial of the case shall be changed to some other justice of the peace, as provided in the next section; provided, that but one change of venue shall be allowed to plaintiff and but one to the defendant."

The amended affidavit for a change of venue filed by the defendant follows the statute, and the record shows that it was filed before the preliminary had begun. The record further shows that in the trial of the case in the district court, Lon Morris, the county judge, was called and used as a witness against the defendant.

The county judge, sitting as an examining magistrate, took occasion to incorporate in the record a lengthy statement as to his acquaintance with the defendant and that he was not biased or prejudiced, which statement was unnecessary, as the defendant had complied with the letter of the statute in filing his amended affidavit for a change of venue. The county attorney resisted the change of venue on the ground that he had caused subpoenas to be issued for the witnesses before the affidavit for the change of venue was filed, and the court sustained the contention of the county attorney, but they seemed to have overlooked the fact that the amended affidavit stated that the exam-

ining magistrate before whom the trial was to be held was a witness in the case.

In Garnett v. State, 15 Okla. Cr. 332, 176 Pac. 769, in the syllabus the court said:

"The county court or judge exercising jurisdiction as an examining magistrate loses jurisdiction of a cause when the defendant, or some one for him, files an affidavit that he has reason to believe and does believe that he cannot have a fair and impartial examination before said county judge. His duty in the cause thereafter is purely ministerial, and he can only enter a proper order 'transferring the cause to another magistrate as the statute provides'."

It will be seen from an examination of the law that it was the mandatory duty of the committing magistrate when the affidavit was filed charging bias and prejudice, and the affidavit that the committing magistrate was a witness in the case, to grant a change of venue, and that the committing magistrate had no further jurisdiction after the affidavit and amended affidavit were filed.

The Bill of Rights, § 6, declares:

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

Section 17, art 7, of the Constitution, provides:

"County courts shall also have and exercise the jurisdiction of examining and committing magistrates in all criminal cases."

Section 17, art. 2, of the Constitution, provides:

"No person shall be prosecuted * * * for a felony by information, without having had a preliminary exam-

ination before an examining magistrate, or having waived such preliminary examination."

Under the constitutional provisions and the statutes quoted, the filing of the proper affidavit for a change of venue before the examining magistrate deprived him of further power or authority in the cause, and he can only transfer the cause to another justice of the peace or county judge, and such magistrate is vested with no discretion as to whether or not the change should be granted, nor is he authorized to determine the truth of the averments of the affidavit for a change of venue. The statute provides the manner or procedure by which a defendant may secure a change of venue. After an affidavit is filed following the language of the statute, the duty to be performed by the magistrate is ministerial, and the duty is absolute.

There are other errors assigned, but in the view we take of this record it is not necessary to consider them. For the reasons stated we hold that the county court, or county judge exercising the jurisdiction of an examining magistrate, was without authority to hold a preliminary examination and to order the defendant to be held for trial before the district court The trial court erred in overruling the motion to quash and set aside the motion filed in this case.

The judgment appealed from is reversed, and the cause remanded, with directions to proceed in accordance with law.

EDWARDS, P. J., and CHAPPELL, J., concur.