## A. M. BROWN v. STATE.

No. A-7666.  Opinion Filed Feb. 28, 1931.
Dissenting Opinion Filed March 16, 1931.
(296 Pac. 989.)

T. H. Davidson and Wm. P. Thompson, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county of the crime of embezzlement, and his punishment

fixed by the court at imprisonment in the state penitentiary for 18 months.

Defendant contends, first, that the court erred in overruling his motion to quash and set aside the information, for the reason that no legal preliminary had been held.

The complaint was filed with the magistrate on the 13th day of April, 1929, and on the same day a warrant was issued and the defendant arrested and brought before the court, at which time he made bond and was enlarged pending preliminary examination. On the 20th day of April, the state had its subpoenas issued for its witnesses. The cause came on for hearing on the 25th day of April, on which day, and just a few minutes before the case was called for hearing, the defendant filed his application for a change of venue, alleging "that said defendant has reason to believe and does believe that he cannot have a fair and impartial examination before Charles Wheeler, judge of the city court herein," and prayed therein that said cause be transferred to the next nearest justice of the peace of Muskogee county, or to the county judge for further proceedings. This application for change of venue was denied, and the magistrate before whom the complaint was filed proceeded to hold a preliminary hearing. After the information was filed in the district court, the defendant filed his motion to quash the same for the reason that he had not been given a preliminary hearing before any officer authorized by law to hold the same. This motion was overruled by the trial court.

Section 2485, C. O. S. 1921, provides:

"He must also allow to the defendant a reasonable time to send for counsel, and adjourn the examination for that purpose; and must, upon the request of the defendant, require a peace officer to take a message to such counsel

in the county or city as the defendant may name. The officer must, without delay, perform that duty, and shall receive fees therefor as upon a service of a subpoena: Provided, however, that at any time before the examination is begun, a change of venue may be had, for the same causes and in the same manner, and be transmitted to another justice, as in cases finally triable before a justice of the peace."

To decide the case, it will be necessary to determine what the Legislature meant by the clause:

"At any time before the examination is begun, a change of venue may be had, for the same causes and in the same manner, and be transmitted to another justice, as in cases finally triable before a justice of the peace."

The causes for a change of venue at the time of the adoption of this statute were:

(1) That the justice was a material witness.

(2) That he could not have a fair and impartial trial on account of the bias and prejudice of the justice against affiant.

(3) If a jury be demanded, that he could not have a fair and impartial trial by jury on account of the bias and prejudice of the people of the district.

This court has always held that the defendant is entitled to a change of venue at any time before the trial is begun, where he files an affidavit alleging that he cannot have a fair and impartial trial or preliminary examination on account of the bias and prejudice of the magistrate. Rea v. State, 3 Okla. Cr. 276, 105 Pac. 384, 139 Am. St. Rep. 954; Neff v. State, 39 Okla. Cr. 133, 264 Pac. 649, 650; Murray v. State, 43 Okla. Cr. 286, 278 Pac. 407.

In Rea v. State, supra, in paragraph 2 of the syllabus, this court said:

"Section 15, Bunn's Const., provides that right and justice shall be administered without prejudice. Under this provision, when a motion, properly verified, is made before the trial begins for a change of judge upon the ground of the bias or prejudice of the trial judge, it is the constitutional right of the party making it that it shall be granted."

Thus early this court recognized the right of a defendant to a change of venue on account of the bias or prejudice of the judge, and held that such right was grounded in section 6, art. 2, of the Constitution, and defendant could not be deprived of the same.

In the case at bar the affidavit of defendant was insufficient to entitle him to a change of venue under section 2485, supra, and the holdings of this court, for the reason that it failed to allege as a ground for such change the bias and prejudice of the magistrate against the affiant.

Section 2966, C. O. S. 1921, provides:

"In criminal proceedings a change of place of trial may be had in a cause triable before a justice under the provisions of this article, or upon which a preliminary examination may be held, at any time after the defendant appears, and before any subpoenas are issued, when he or some one for him files an affidavit that he has reasons to believe and does believe that he cannot have a fair and impartial examination or trial, as the case may be, before the justice or county judge, whereupon the county attorney, or some one for him, may file an affidavit alleging the same disqualification against any one justice to whom it is proposed to send the cause for further proceedings, and thereupon the cause shall be sent to the next nearest justice, who is in no way related to the defendant or prose-

cuting witness or party injured who is not a witness and has been an attorney in the cause, and who may not be absent or physically be unable to act. The parties may agree upon a justice, whereupon the cause shall be sent to that justice. But one such charge shall be allowed. No witnesses shall be subpoenaed for either party until after the defendant has been brought before the justice, and been offered an opportunity to change the venue or has changed it, if he elects to change, and the date for the hearing has been fixed."

Under this section, defendant is entitled to a change of venue only where his affidavit is filed before subpoenas are issued for the witnesses, but witnesses may not be subpoenaed until after he has been given an opportunity to change the venue. It appears from the record that the state did not have its subpoenas issued for its witnesses until seven days after the defendant had been arrested, arraigned, and enlarged on bond, and five days prior to the time of the filing of defendant's affidavit for a change of venue. While it is the constitutional and statutory right of defendant to have a change of venue, the Legislature may by law, within the limitation of the Constitution, regulate the time and manner of exercising such right. Before the defendant is entitled to a change, he must comply with the requirements of the statute.

In Neff v. State, supra, in paragraph 3 of the syllabus, this court said:

"The statute provides the manner of procedure by which a change of venue may be had for a preliminary examination; the requirements of the statute are mandatory and must be strictly construed."

Under section 2485, supra, defendant may have a change of venue at any time before examination begins by filing an affidavit alleging that he cannot have a fair and impartial examination because of the bias and prejudice

of the magistrate; while under section 2966 he does not have to make affidavit that the magistrate is biased and prejudiced against him, but only needs to allege that he has reason to believe and does believe he cannot have a fair and impartial examination, but must file this affidavit after he has been arraigned and had an opportunity to change the venue and before subpoenas have been issued by the state.

Section 962, C. O. S. 1921, provides for change of venue in civil cases and enumerates the same grounds as have been heretofore held to be constitutional grounds for a change of venue in criminal cases. Sections 2485, 2966, and 962, supra, must be construed together, and when so construed, they are not in conflict with each other and do not violate section 6, article 2, of the Constitution of Oklahoma.

The affidavit of defendant not having been filed within the time required by section 2966, the court did not err in overruling the application for a change of venue.

The defendant next contends that the information is insufficient to charge an offense under the laws of Oklahoma.

The information is the usual one filed in embezzlement cases, and was sufficient to charge the offense of embezzlement.

The defendant next contends that the court erred in permitting the state to introduce a great number of tickets which showed a series of embezzlements of the funds of the Gray Eagle Oil Company.

The defendant was an employee of this company, and was charged with embezzling $6.88 of said company's funds. The tickets were introduced for the purpose of

showing a plan, scheme, or system of embezzling the complaining company's money, and under State v. Rule, 11 Okla. Cr. 237, 144 Pac. 807, Johnson v. State, 35 Okla. Cr. 212, 249 Pac. 971, and Reeves v. State, 36 Okla. Cr. 409, 255 Pac. 162, were properly admitted in evidence.

There being sufficient evidence in the record to support the verdict of the jury, and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, J., concurs.

DAVENPORT, P. J. (dissenting). In dissenting from the conclusions reached by a majority of the court I deem it necessary to state my reasons why I cannot concur in the holding of the court that the affidavit for a change of venue was filed too late, and therefore the motion for change of venue was properly denied by the examining magistrate, and that the motion to quash the information in the district court on the ground that the defendant had not had a proper or legal preliminary examination before a proper legal magistrate as required by law, and other grounds, was properly overruled. Section 6 of article 2 of the Constitution of Oklahoma is as follows:

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

Section 17, art. 7, of the Constitution, is as follows:

"County courts shall also have and exercise the jurisdiction of examining and committing magistrates in all criminal cases. (Bunn's Ed., sec. 189.)"

Section 17, art 2, of the Constitution, is as follows:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint."

As shown by the record in this case, the defendant was arrested on the 13th day of April, 1929, and taken before the examining magistrate and on the same day enlarged on bond and the preliminary set for hearing April 25, 1929.

Sections 2484 and 2485, Comp. St. 1921, read as follows:

"2484. When the defendant is brought before a magistrate upon an arrest, either with or without a warrant, on charge of having committed a public offense, the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings, and also of his right to waive an examination, before any further proceedings are had.

"2485. He must also allow to the defendant a reasonable time to send for counsel, and adjourn the examination for that purpose; and must, upon the request of the defendant, require a peace officer to take a message to such counsel in the county or city as the defendant may name. The officer must, without delay, perform that duty, and shall receive fees therefor as upon a service of a subpoena: Provided, however, that at any time before the examination is begun, a change of venue may be had, for the same causes and in the same manner, and be transmitted to another justice, as in cases finally triable before a justice of the peace."

The general presumption is that the courts do their duty; yet in this case the transcript of the record of the

examining magistrate purporting to recite what took place when defendant was enlarged on bail is silent as to the magistrate advising the defendants of his rights under sections 2484, 2485, supra.

The transcript further shows that on April 20, 1929, subpoenas were issued for the state's witnesses, and on the 25th day of April, the day the hearing was to be held, defendant appeared before the examining magistrate, and, before the case was called for hearing, filed the following affidavit, omitting the caption and jurat:

"Comes now the said defendant and asks that a change of venue be granted in this case for the following reason, to wit:

"That said defendant has reasons to believe and does believe that he cannot have a fair and impartial preliminary examination before Charles Wheeler, judge of the city court herein.

"Wherefore defendant prays that said cause shall be transferred and sent to the next nearest justice of the peace of Muskogee county, Okla., or to the county judge of Muskogee county, Okla., for further proceedings herein."

Section 2966, C. O. S. 1921, reads:

"In criminal proceedings a change of place of trial may be had in a cause triable before a justice under the provisions of this article, or upon which a preliminary examination may be held, at any time after the defendant appears, and before any subpoenas are issued, when he or some one for him files an affidavit that he has reasons to believe and does believe that he cannot have a fair and impartial examination or trial, as the case may be, before the justice or county judge, whereupon the county attorney, or some one for him, may file an affidavit alleging the same disqualification against any one justice to whom it is proposed to send the cause for further proceedings, and thereupon the cause shall be sent to the next nearest jus-

tice, who is in no way related to the defendant or prosecuting witness or party injured who is not a witness and has not been an attorney in the cause, and who may not be absent or physically be unable to act. The parties may agree upon a justice, whereupon the cause shall be sent to that justice. But one such charge shall be allowed. No witnesses shall be subpoenaed for either party until after the defendant has been brought before the justice, and been offered an opportunity to change the venue or has changed it, if he elects to change, and the date for the hearing has been fixed."

The majority opinion holds that for the defendant to secure a change of venue, under the Constitution, and section 2966, supra, he must file his affidavit before the state has issued subpoenas for its witnesses. With this contention I cannot agree. I do not believe it is within the constitutional power of the Legislature to deprive a defendant of his right to a change of judge, provided he files a proper affidavit before the trial has begun. If the Legislature can abridge or deny the defendant his constitutional right to have his case heard before a judge that is fair and impartial, it can deny him any right under the Constitution guaranteed to him. When defendant filed his affidavit for a change of venue from Judge Wheeler, I insist that Judge Wheeler was without jurisdiction to hear the case, and had no further right to proceed. The only thing left for Judge Wheeler was to certify the case to another magistrate; that any action taken by Judge Wheeler other than to certify the record was void and deprived the defendant of a proper and constitutional preliminary.

The provisions of section 2966, supra, providing that the affidavit must be filed before the state has subpoenas issued, is unconstitutional and void. In this case Judge Wheeler, as judge of the city court of Muskogee, in pre-

liminary matters could exercise no further powers than a justice of the peace or the county judge. In Cress v. State, 14 Okla. Cr. 521, 173 Pac. 854, this court in the first paragraph of the syllabus said:

"Under section 6149, Rev. Laws 1910, a county judge sitting as an examining magistrate loses jurisdiction of a cause pending before him when a legal affidavit for a change of venue is filed. His duty in the case thereafter is purely ministerial, and he can only enter a proper order transferring the cause to another magistrate as the statute provides."

In Rea v. State, 3 Okla. Cr. 276, 105 Pac. 384, 139 Am. St. Rep. 954, in the second paragraph of the syllabus the court said:

"Section 15, Bunn's Const., provides that right and justice shall be administered without prejudice. Under this provision, when a motion, properly verified, is made before the trial begins for a change of judge upon the ground of the bias or prejudice of the trial judge, it is the constitutional right of the party making it that it shall be granted."

The court in the opinion of Rea v. State, supra, quotes with approval the case of Day v. Day, 12 Idaho, 556, 86 Pac. 531, 10 Ann. Cas. 260, wherein the Idaho court construed a similar provision of the Idaho statutes as the provision of the Oklahoma Constitution, and also a section of the Idaho statutes on the subject of a change of venue similar to 2966, C. O. S. 1921. In the Idaho case the court reversed the judgment of the trial court, holding that the provision in the Idaho Constitution was self-operating, and that the Legislature could not legally declare that the bias and prejudice of a judge should be no cause for a change of venue. The case was reversed. This court in Rea v. State, supra, approved the holding of the Idaho court, and said:

"We regard the views expressed by the Supreme Court of Idaho as sound, and we, therefore, hold that under this statute, if a motion for a change of judge, supported by affidavit, upon the ground that the defendant cannot have a fair and impartial trial before the county judge by reason of bias and the prejudice of the judge, is made at any time before the trial begins, it comes in time, and should be granted. The limitation contained in the statute that the motion for a change of judge, on the ground of the bias or prejudice or relationship of the judge to a party in interest, must be made before the witnesses are summoned is, by itself, of doubtful validity. Would a judge who was personally interested in the result of a case, or who was related to one of the parties to the cause, become qualified to try the cause merely because an objection to his doing so was not made before witnesses were summoned? If so, then subpoenas for the witness might be issued and served before the defendant had opportunity to make the objection, and thus defeat the mandate of the law. But be this as it may, under section 15, Bunn's Const. Okla., providing that justice shall be administered without prejudice, a motion for a change of judge upon this ground is in time if made before the trial begins, and the limitation requiring the motion to be made before the witnesses are summoned is in conflict with this provision of our Constitution, and therefore void."

Our court has cited with approval Lincoln v. Territory, 8 Okla. 546, 58 Pac. 730, 736:

"So, it seems to us that the course of procedure established by the judicial systems of the states and the federal government is the law of the land for Oklahoma, and thus tested, the plaintiff in error was denied a fair and impartial trial. And by an almost unbroken line of judicial decisions it is held that when one accused of crime complies with the provisions of a statute mandatory in its terms, as in the statute in question in the case at bar, the judge is devested of all discretion, and loses all jurisdiction, except to make the order granting the change, and all his subsequent actions are absolutely void. It follows,

then, as a matter of course, that the judge who would proceed with the trial after the making and filing of such an affidavit would do so without power or authority, and the trial would be a nullity. Therefore we think that not only measured by the weight of reliable authority, but by the principles of equity, justice, and sound law,—measured by the rule of reason,—the refusal of a change of judge in this case, by the trial court, was error which substantially affected the rights of the defendant, and deprived him of the protection which the law throws around every defendant, and took from him certain constitutional rights."

The majority opinion cites the case of Neff v. State, 39 Okla. Cr. 133, 264 Pac. 649, 652, as a case in point sustaining the holdings of the court that the affidavit must be filed before the subpoenas issue. An examination of Neff v. State, supra, discloses that the affidavit of Neff asked for a change of venue from the district and county and did not attempt to comply with the Constitution or the statute upon the question of a change of venue from one judge to another in the county; therefore the statement by the court in its opinion, that, "had this affidavit complied with the requirement of the statute, as to setting out grounds of the disqualification, it was not seasonably made as provided by section 2966, above quoted, because it was not filed before any subpoenas had been issued, and it was filed 'after the defendant' had appeared, and after he had 'been offered an opportunity to change the venue.' "

This statement of the court was dictum. The question of the compliance with section 2966 was not an issue in the case; therefore I cannot interpret this statement made on a question not in the record in the Neff Case as overruling the holding in Rea v. State, 3 Okla. Cr. 276, 105 Pac. 384, 385, 139 Am. St. Rep. 954, where the direct question was raised that section 2966 violated the constitu-

tional rights of the defendant and the court held that, under the provisions of Oklahoma Constitution, "providing that justice shall be administered without prejudice, a motion for a change of judge upon this ground is in time if made before the trial begins, and the limitation requiring the motion to be made before the witnesses are summoned is in conflict with this provision of our Constitution, and therefore void."

This opinion has not been overruled by this court in any case in which its constitutionality has been called into question as in this case, and in my opinion is the law in this state. The record fails to show that, when the defendant was arrested and enlarged on bail, the court advised him of his rights to see counsel and to a change of venue. The courts of this country are open to the rich and poor alike. This court should not presume the court performed its duty when the record does not show the examining magistrate advised the defendant of his rights.

I earnestly insist that the defendant's motion for a change of venue under the Oklahoma Constitution was filed in time, and that the examining magistrate was without jurisdiction to further proceed with the preliminary after the defendant's affidavit was filed, and, when he proceeded with the preliminary examination, he violated the constitutional rights of the defendant and denied him of a fair and impartial trial guaranteed him by our Constitution.

I further insist that the motion to quash the information filed by the defendant in the district court was well founded and should have been sustained.

For the reasons stated, this case should be reversed, with directions to the trial court to sustain the motion to quash the information.