# W. M. (BILLY) SCHMULBACH v. STATE.

No. A-8164. Nov. 21, 1931.
Rehearing Denied April 9, 1932.

(9 Pac. [2d] 966.)

F. W. Church, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., Perry Porter, Co. Atty., and Joe W. Howard, Asst. Co. Atty., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of

Ottawa county of murder and was sentenced to life imprisonment.

The record discloses that on October 4, 1930, defendant, in the town of Picher, shot and killed one J. Frank Carlock. Defendant at the time was an outside guard for a Picher bank. Deceased, a druggist at Picher, was indebted to defendant in the sum of $1,000, and some ill feeling existed between them. Carlock had been hunting and started to take a small rifle from the rear of the car when defendant fired the first shot, hitting him in the shoulder. Carlock dropped the gun and ran. Defendant fired again, and as Carlock ran from him he fired twice more; one shot hitting him, the other missing. Two bullets entered the back and another the side. Carlock died on the way to the hospital. We deem it unnecessary to make any further recital of facts.

It is earnestly urged that the evidence is insufficient to sustain the judgment, or at least it shows no more than manslaughter in the first degree. This contention is untenable. The evidence, though to some extent conflicting, amply sustains the judgment. Consonant with the general rule, it has been many times held by this court that where the evidence is such that the jury may reasonably and logically find the guilt of a defendant, even though it is conflicting or such that different inferences may reasonably be drawn therefrom, nevertheless the questions of fact and the weight of the evidence are for the jury, and their verdict will not be set aside on appeal.

Some complaint is made that the instructions are erroneous and misleading. This argument is directed to instructions 6, 7, 20, 21, 22, and 24. We have examined these instructions with care. They are instructions usually given in homicide cases where a plea of self-de-

fense is interposed. They also go to the question of threats, previous difficulties, and the character of deceased. The objections are not of sufficient merit to require quoting these rather lengthy instructions. There is no material error in any of them and considered as a whole they correctly cover the questions involved.

Defendant also argues briefly that the court erred in overruling defendant's affidavit for a change of venue from the county judge sitting as a committing magistrate. Upon this point it appears the preliminary complaint was filed October 6, before the magistrate, who set the preliminary for October 15, on which latter date an affidavit for change of venue was filed as follows:

"W. M. Schmulbach, after being first duly sworn on oath, says that he is the defendant above named, charged by complaint before the Honorable Cuddie E. Davidson, county- judge, sitting as an examining magistrate, that he has good reasons to believe and does believe that the Honorable Cuddie E. Davidson is so biased and prejudiced against him that he cannot have a fair and impartial examination before said magistrate.

"He, therefore, asks that he be granted a change of venue and that said cause be transferred to some other justice of the peace. * * *"

This was overruled, the preliminary hearing had, and the order and transcript of the magistrate in part is:

"October 6, 1930. Dee T. Watters, sheriff of Ottawa county, state of Oklahoma, brings W. M. Schmulbach, defendant, before me as magistrate. I advised the defendant of his statutory rights, of the charge against him and of his right to the aid of counsel in every stage of the proceedings, and also of his right to waive an examination, and delivered to him in person a copy of the complaint with a list of the witnesses indorsed on complaint. Hearing set for October 15, 1930. Affidavit for change of

venue filed; same denied, and defendant allowed an exception. October 15, 1930. Cause comes on for preliminary hearing. The state is represented by the county attorney and his assistant, Mr. Howard, and the defendant is present in person and by his counsel F. W. Church and A. M. Armstrong. The court hears the evidence of the state, and at the close of which the defendant announces that he has no testimony to offer at this time. Whereupon the court finds that the offense of murder has been committed and that there is sufficient cause to believe the defendant guilty thereof. I order that he be held to answer the charge of murder at the next term of the district court of Ottawa county, and that he be committed to the custody of the sheriff to be held without bail."

The applicable statutes are sections 2484, 2485, and 2966, Comp. Stat. 1921. These statutes are pari materia and are to be construed together. Some confusion seems to have crept into the decisions of this court, apparently by reason of the failure to properly interpret the case of Rea v. State, 3 Okla. Cr. 276, 196 Pac. 384, 139 Am. St. Rep. 954. In that case Judge Furman held unconstitutional the applicable statute, section 6647, Snyder's Comp. Laws 1909. The Rea Case, however, was a misdemeanor triable in the county court, and it was there sought to have a change of judge under the statute quoted in full in the opinion. An examination of that statute discloses that an accused was nowhere provided an opportunity to change the venue before witnesses were subpoenaed on the part of the state. There was no reason under that statute why a county attorney might not at the time he filed the information, have subpoena issued for his witnesses and thereby entirely deprive an accused of the constitutional guaranty that justice shall be administered without prejudice. Section 6, art. 2, Const. That is, under such cir-

cumstances an accused person would have no opportunity to apply for a change of judge. Under the provisions of section 2966, supra, it is expressly provided that:

"No witnesses shall be subpoenaed for either party until after the defendant has been brought before the justice, and been offered an opportunity to change the venue. * * *"

Plainly, the Rea Case, supra, has no reference to a state of facts as in the instant case, and the case of Murray v. State, 43 Okla. Cr. 286, 278 Pac. 407, and other cases confuse the statute construed in the Rea Case and sections 2485 and 2966, Comp. Stat. 1921. Brown v. State, 50 Okla. Cr. 199, 296 Pac. 989, overrules the Murray Case in holding section 2966 not unconstitutional. In the instant case, the defendant appeared before the magistrate on October 6, and was informed of his statutory rights but did not file an affidavit for change of venue until the date of the preliminary and after the witnesses were subpoenaed and in attendance on the trial. His affidavit came too late; the trial court did not err in overruling the application.

Defendant also contends the court erred in overruling his application for a change of venue from the county. This application sets out in substance that defendant cannot have a fair trial in the county because of the prejudice of the citizens against him and that the newspapers of the county have contained inflammatory accounts of the homicide. It is supported by three affidavits. The state filed twelve counter affidavits. Under the rule announced by many decisions of this court, there was no error in overruling the application. Hamilton v. State, 38 Okla. Cr. 62, 259 Pac. 168.

Some other matters are discussed in the briefs, but no material error is made to appear.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.