**STATE of Oklahoma, Plaintiff In Error,**

v.

**Ross THOMASON, Defendant In Error.**

No. A–12758.

Court of Criminal Appeals of Oklahoma.

Oct. 21, 1959.

James Reed, County Atty., and Robert S. Gee, Asst. County Atty., Ottawa County, Miami, for plaintiff in error.

H. G. E. Beauchamp, Miami, for defendant in error.

POWELL, Presiding Judge.

The State has appealed on a reserved question of law from a ruling of the county judge of Ottawa County, sitting as an examining magistrate.

On October 29, 1958 defendant was charged with the crime of assault with a dangerous weapon, a felony (21 O.S.1951 § 645), and was on October 30, 1958 arraigned before the county judge as magistrate. The magistrate at the time advised defendant of the charges against him, and

granted ten days continuance before arraignment on the charge. On November 6, 1958 defendant appeared with counsel, accepted copy of the complaint and requested the court to set a date for a preliminary hearing or examination, and fix bond in a reasonable sum. Accordingly, preliminary hearing was set for December 10, 1958 at 10 A.M., and bond fixed in the amount of $3,000. The State subpoenaed witnesses endorsed on the information, and the case came on for hearing on the date set, but it developed that counsel for the defendant was ill, and the magistrate at request of defendant re-set the hearing for January 22, 1959, at 10 A.M.

The record shows that the State, in addition to the witnesses directed to return at the new date, subpoenaed four additional witnesses. On January 22, 1959 all parties being present, the case was called. Thereupon defendant filed an application for change of venue. The State entered an objection to the granting of a change. The assistant county attorney stated:

"If the Court please, I would like the record to show the State objects to the change of venue unless there is evidence showing that the Court is biased and prejudiced against this defendant, or unless the court states into the record that he is biased and prejudiced against this defendant and the court feels like he cannot grant this defendant a fair preliminary hearing. I would like the court also to state into the record his findings of fact. I think this is a factual question; and his conclusions of law as to whether this defendant is entitled to a change of venue, inasmuch as subpoenas have been issued for well over two weeks for most of the witnesses; that for three or four of the witnesses have been issued over a week prior to the filing of this application."

Thereupon the defendant was sworn and in answer to leading questions stated that he authorized his attorney to file the application for change of venue, knew the contents of the application, and felt that the court was so biased and prejudiced against him that he could not receive a fair and impartial trial.

On cross-examination defendant could give no facts or circumstances to support his idea that the court was biased or prejudiced against him.

This ending the evidence, the Court stated:

"Let the record show that the Court sure as the world is not biased and prejudiced against this defendant. This case was set for hearing at a previous date and there was a continuance on behalf of the defendant at that time and the question of change of venue was not raised.

"It is the opinion of the Court that the question should have been raised at that time. If such fact did exist in the minds of the defendant and his attorney it is a question of law, and the court is of the opinion that the change of venue should be granted."

To the ruling of the Court the State excepted and gave notice in open court of its intention to appeal to the Court of Criminal Appeals upon a reserved question of law.

The case was sent to the justice of the peace court of Don B. Eversole for preliminary hearing. The transcript of Justice of the Peace Eversole shows the following:

"That on the 2nd day of April, 1959, the State appeared by Robert S. Gee, Assistant County Attorney, and the defendant appeared in person and by his counsel, H. G. E. Beauchamp, upon both parties announcing ready, the Court heard the evidence presented by the State of Oklahoma; whereupon the State and the defendant both rested.

"The State then advised the Court that it was reserving the question of law as to the jurisdiction of this Court due to the erroneous ruling of the Honorable County Judge upon the defendant's application for change of venue;

whereby the court overruled the State's objection. The Court upon the motion of the State of Oklahoma found that the crime of Aggravated Assault and Battery has been committed and there is reason to believe that the defendant is guilty thereof, and did bind the defendant over to the County Court of Ottawa County, State of Oklahoma, to stand trial upon said charge.

"It is, therefore, the order of this Court that all files in this case be transferred to the Honorable George G. Russell, County Judge, Ottawa County, State of Oklahoma, and the defendant is to remain at liberty on his present bond until arraigned in said Court, all of which the defendant excepted."

The State contends that the county judge, sitting as an examining magistrate, was not as a matter of law disqualified and forced to grant a change of venue as he thought he was citing Schmulbach v. State, 53 Okl. Cr. 229, 9 P.2d 966 as being conclusive of the issue. Also cited are the cases of Brown v. State, 50 Okl.Cr. 199, 296 P. 989; Glenn v. State, 72 Okl.Cr. 165, 114 P.2d 192, 158 A.L.R. 1146; Murray v. State, 43 Okl.Cr. 286, 278 P. 407; Rea v. State, 3 Okl.Cr. 276, 105 P. 384; Ridenour v. State, 94 Okl.Cr. 92, 231 P.2d 395; Okl.Const. Art. 2, § 6; and Art. 7, § 17; 22 O.S.A. §§ 251, 252; 39 O.S.A. §§ 121 and 501.

We have read the authorities with interest, and would like to answer the question now presented by the State, if not clearly answered by Schmulbach v. State, supra, so there could be no further misunderstanding, but there is jurisdictional problems standing in the way.

It has been noted that the second examining magistrate bound the defendant over for trial in the county court. The charge was a felony (21 O.S.1951 § 645), but the defendant was bound over for the crime of aggravated assault and battery, a misdemeanor, and an included offense. But it has been noted that the county attorney asked that the case be dismissed without prejudice and that the County Judge issue such an order.

Neither the State nor the defendant had a right to have any particular judge act as an examining magistrate. An examining magistrate would not try the case, but only determine whether a crime had been committed, and that there was probable cause to believe that the accused had committed it, and under such circumstances bind the accused over to the district court for trial. If the county judge, acting as an examining magistrate, in the judgment of the county attorney, mistakenly failed to follow the pronouncements of this Court in Brown v. State, supra, and Schmulbach v. State, supra, all he had to do was save his exceptions, and if the new examining magistrate failed to bind the defendant over, he could re-file the case before another examining magistrate, or if he did bind him over for trial in the district court and conviction had, that would end the matter. But if the accused was acquitted, the State could have appealed on the reserved question of law.

We have not been cited any case authorizing the State or the defendant to appeal from an order of an examining magistrate granting or failing to grant a change of venue. The two cases from this jurisdiction where the principle involved is treated are cases where the question arose in the trial court.

■ In the early case of Cutler v. Territory, 1899, 8 Okl. 101, 56 P. 861 at the preliminary hearing the defendant sought to get a change of venue from the county where he was charged, to another county. The trial court refused to grant the change of venue. The defendant sought to appeal to the Supreme Court, and sought a stay of proceedings to give him time. The trial court refused to grant a stay, and the defendant excepted and after conviction raised the issue, and perfected appeal. The Supreme Court held:

"The ruling upon an application for change of venue cannot be reviewed in the supreme court until after final judgment in the trial court, and on appeal from such judgment."

In the case of State v. Weathers, 13 Okl. Cr. 92, 162 P. 239, this Court considered the statute under which an appeal may be taken in a criminal case on the part of the State to the Court of Criminal Appeals. See § 5990 Rev.Laws 1910, 22 O.S.1951 § 1053, providing that appeals may be taken by the State in the following cases, and no other:

"1. Upon judgment for the defendant on quashing or setting aside an indictment or information.

"2. Upon an order of the court arresting the judgment.

"3. Upon a question reserved by the State."

In the Weathers case (as here) the State relied on Section 3 of the statute as authority for appeal. And there the attempted appeal was from an order of the trial court granting a new trial to a person convicted of crime.

Concerning paragraph three of the statutory provision quoted, this Court said [13 Okl.Cr. 92, 162 P. 240]:

"This provision authorizes an appeal by the state upon a question reserved by the state at the trial of a criminal case. Without doubt this paragraph contemplates an appeal only upon the final disposition of the cause. In many jurisdictions the state has no right of appeal at all, and its right to appeal, where the right is granted, is based upon specific statutes, which statutes are not to be enlarged by construction. The right of appeal upon behalf of a person charged with crime is denied except upon final judgment. *There is no right of appeal granted a defendant from an order denying a change of venue, a change of judge, or adverse ruling upon any other relief sought.* The state would have no more right to appeal from an order of the trial judge granting a new trial to a person charged with crime than would a person charged with crime to appeal from an order denying him a change of venue. A person charged with crime is not even allowed to appeal from an order of the court overruling a demurrer to an indictment or a motion to set aside the same. The state is allowed to appeal in this class of cases when the court sustains a demurrer to the indictment or a motion to set the same aside, but this is contemplated in cases only wherein the trial court has entered *final order* disposing of the matter under consideration." (Emphasis now supplied.)

 Here the trial court has not acted. The case has been dismissed and the question attempted to be reserved has become moot. Of course the county attorney, prior to jeopardy attaching and prior to the running of the statute of limitations, might refile the case and reserve any questions permitted by the above statutory provisions, where there might be adverse rulings, and a final disposition of the case made.

Appeal denied.

NIX and BRETT, JJ., concur.