**The STATE of Oklahoma, Plaintiff in Error,**

v.

**Jerry DeWayne SCHIEL, Defendant in Error.**

**No. A–14160.**

Court of Criminal Appeals of Oklahoma.

June 14, 1967.

Curtis P. Harris, Dist. Atty., James R. McKinney, Asst. Dist. Atty., for plaintiff in error.

Oyler & Wise, Oklahoma City, for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

Jerry DeWayne Schiel was charged, tried and convicted for the crime of Possession of Marihuana. Thereafter a Motion for New Trial was filed on behalf of Mr. Schiel and the trial court granted the Motion for New Trial. The State excepted to the court's ruling and gave notice of intention to appeal to this Court. This matter was set for oral argument on the 3rd day of May, 1967, and submitted on the record and briefs of the respective parties.

In substance the State objects to the trial court's ruling on the validity of a search and seizure and seeks an opinion of this Court reversing the trial court's ruling. In this connection we observe that when the case is retried, the State may seek to introduce evidence obtained from said search and seizure anew and that Judge Hennessy's ruling is not binding on the trial court, and we must assume that the trial judge will carefully weigh the question of the admissibility of such evidence in the light of the authorities submitted by the respective parties. In the event that the State disagrees with the ruling of the trial court, proper objections can be preserved in the record and an appeal taken from the final ruling of the court or judgment of acquittal.

In State v. Weathers, 13 Okl.Cr. 92, 162 P. 239, this Court, speaking through the Honorable Judge Armstrong held that the State did not have a right to appeal on a reserved question of law from an order of a trial court granting a new trial. Judge Armstrong went on to say that the appeal on a reserved question of law could be perfected by the State from a final order of the trial court sustaining a Demurrer to the information or a judgment of acquittal.

Under the authority of State v. Weathers, supra, we are of the opinion that the attempted appeal should be, and the same is hereby, dismissed.

NIX, P. J., and BRETT, J., concur.